OPINION OF THE COURT
Eli Wager, J.
Petition for a writ of habeas corpus that respondent Raul Russi, Chairman of the New York State Division of Parole, cancel the delinquency of relator Calderon with prejudice, vacate the parole warrant lodged against relator, continue the running of the sentence from which relator had been on parole and direct the respondent to release relator from custody is determined as follows.
On April 18, 1985, Calderon was convicted of manslaughter in the first degree stemming from the stabbing death of a 34-year-old man. Calderon was sentenced to 3 to 9 years, with the maximum expiration date of the sentence being October 6, 1993. On October 8, 1987, Calderon was released from State prison to parole supervision. One of the conditions of Calderon’s parole was to respond to a deportation warrant previously lodged by the Department of Immigration and Naturalization Service (INS). If the deportation warrant were vacated or if he were otherwise released prior to the maximum expiration date of his sentence, he was required to report to his parole officer. Calderon was, in fact, deported on December 10, 1987.
On September 24, 1990, Calderon, having illegally reentered the United States, was arrested in Glen Cove and charged with burglary in the second degree and criminal possession of a weapon in the third degree. When arrested, Calderon used the name Francisco Valasquez. After a fingerprint check, Calderon’s identity was determined and on September 25, 1990, the New York State Division of Criminal Justice Services notified the Division of Parole that Calderon had been arrested.
On October 3, 1990, Calderon was charged with violating the conditions of his release to parole supervision in that on or about September 24, 1990, Calderon, having been deported to El Salvador on December 10, 1987, reentered the United *710 States without the permission of the Board of Parole as evidenced by his arrest in violation of conditions of his release. He was also charged with being found in the country, with failing to notify his parole officer of a change of residence, and with unlawfully entering premises with intent to commit a crime, all in violation of the conditions of his release.
On October 18, 1990, a preliminary parole revocation hearing that had been adjourned from October 16, 1990 was held. The Division chose to proceed only with charge one. At the hearing, counsel for Calderon objected that the Division of Parole did not have jurisdiction over Calderon. Counsel also raised a question as to proper service of the notice of charges and of the time and place of the revocation hearing.
At the conclusion of the hearing, Administrative Law Judge Jay Tinter found probable cause to believe that Calderon violated charge one and directed that there be a final revocation hearing.
Calderon is currently incarcerated at the Nassau County Jail. Calderon, having been convicted on criminal trespass, was sentenced to 220 days’ incarceration, which is scheduled to conclude April 30, 1991. Thus, even if Calderon were to succeed, he would not be subject to immediate release. Accordingly, the remedy of a writ of habeas corpus is unavailable to Calderon. This proceeding is, therefore, sua sponte, converted to a CPLR article 78 proceeding (People ex rel. Brown v New York State Div. of Parole, 70 NY2d 391 [1987]).
There are two issues put to this court by Calderon. The first involves the jurisdiction of the Division of Parole and the second involves due process. The court will address these issues in that order.
JURISDICTION
Calderon argues that the Division of Parole does not have jurisdiction over him. It is his contention that any relationship between him and the State Division of Parole was severed when the Immigration and Naturalization Service took custody of him and deported him in 1987.
It is noteworthy, however, that Calderon has acknowledged the existence and validity of the sentence imposed by Judge Goodman scheduled to expire in October 1993. It is pursuant to this sentence that the Division retains jurisdiction over Calderon.
*711 While counsel to Calderon cites several cases for the general proposition that the Federal Government has control over entrance of aliens into the country, he fails to support his contention that once INS exercises its discretion and deports an alien convicted of a felony, any relationship between the deported felon and the Division of Parole is extinguished, with even a single citation. Apparently none exist.
The court is unconvinced that the Immigration and Naturalization Act operates to preempt New York State from exercising its authority over paroled aliens, who, having been deported, have illegally reappeared in this country. Under the Immigration and Nationality Act (8 USC § 1101 et seq.), deference by a State is triggered when INS asserts jurisdiction. This is conceded by the State. We are faced here with a situation where the State deferred to INS with respect to Calderon who was paroled and then deported. However, Calderon has illegally presented himself back within the jurisdiction of the State in violation of the conditions of parole. As INS has not yet asserted jurisdiction, the State Division of Parole has jurisdiction.
Calderon has failed to demonstrate how, under the facts presented here, the retention of jurisdiction by the Division is preempted. The doctrine of preemption has been repeatedly addressed by the Federal courts and was recently restated in California Fed. Sav. & Loan Assn. v Guerra (479 US 272 [1987]). In that regard, there has been no showing that Congress has either expressly or impliedly occupied the field of enforcement of criminal laws against aliens, or more specifically, that INS has sole jurisdiction over a deported parolee who has illegally reentered this country. Calderon has also failed to demonstrate how retention of jurisdiction by the State would conflict with the Immigration and Nationality Act. In fact, the State has conceded that should the INS assert jurisdiction, they must defer. The fact that, as of yet, INS has not asserted jurisdiction cannot be deemed any intention by the Federal Government to allow Calderon to avoid the consequences of his parole violation.
Calderon, a deported felon, by manipulating the Federal and State statutory scheme, seeks to avoid any responsibility for his crimes. Such a result is untenable. Accordingly, it is the decision of this court that the retention of jurisdiction by the Division of Parole over Calderon in the absence of assertion of jurisdiction by INS is valid and is not preempted.
*712 DUE PROCESS
Counsel for Calderon argues that the due process rights of his client were violated by failing to give Calderon timely and adequate notice of the charges against him and notice of the time, place and purpose of his parole revocation hearing. To support this contention, counsel refers to the transcript of the revocation hearing. A reading of this transcript reveals that when questioned about receipt of the charges consisting of two documents, Calderon’s response was equivocal. Calderon subsequently declined to testify concerning service. Counsel has failed to supply an affidavit of Calderon denying receipt of these documents. In contrast, the State has provided undisputed evidence in the form of the notice of violation and by affidavit that Calderon was properly served. Accordingly, the court finds that relator’s contention that the Administrative Law Judge improperly found service was proper is without merit.
For the reasons set forth above, this petition for a writ of habeas corpus is converted to a proceeding pursuant to CPLR article 78, and dismissed.