■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FULGEN-CIO CALDERON, Also Known as FRANCISCO VALASQUEZ, Appellant, v RAUL RUSSI, as Chairman of the New York State Division of Parole, Respondent.—In a habeas corpus proceeding which the court converted into a proceeding pursuant to CPLR article 78, in the nature of a writ of prohibition barring the New York State Division of Parole from exercising jurisdiction over the petitioner, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Wager, J.), entered March 25, 1991, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner is an alien who was convicted of manslaughter in the first degree and incarcerated in New York State. After serving the minimum term of his sentence, he was conditionally paroled by the New York State Division of Parole and turned over to the Immigration and Naturalization Service (hereinafter INS), which deported him. The petitioner subsequently returned to New York and was arrested for burglary in the second degree and criminal possession of a weapon in the third degree. The New York State Division of Parole then commenced violation of parole proceedings against him, and he in turn brought the instant proceeding, *inter alia,* to obtain his release from custody on the ground that the New York State Division of Parole's assertion of jurisdiction over him was preempted by the Federal Immigration and Nationality Act (8 USC § 1101 *et seq.;* hereinafter INA). The Supreme Court dismissed the proceeding *(see, People ex rel. Calderon v Russi,* 150 Misc 2d 708). We affirm.

The petitioner's contention that the United States Congress, through its creation of the INA, has preempted New York State's Executive Law with regard to the parole supervision of aliens *(see,* Executive Law § 259-i [2] [d] [i], [ii]) is without merit. To be sure, the "[p]ower to regulate immigration is unquestionably exclusively a federal power" *(De Canas v Bica,* 424 US 351, 354). However, "standing alone, the fact that aliens are the subject of a state statute does not render it a regulation of immigration" *(De Canas v Bica, supra,* at 355). The commencement of violation of parole proceedings in this case is not an attempt by the New York State Division of

Parole to regulate immigration and naturalization matters, but is instead a valid exercise of New York's police power which bears only a peripheral relationship to the petitioner's status as an alien *(see generally, De Canas v Bica, supra)*. Moreover, the petitioner has failed to substantiate his claim of preemption with any statutory or decisional law, and the application of relevant principles of preemption analysis to this case refutes his contention *(see, California Fed. Sav. & Loan Assn. v Guerra,* 479 US 272). While 8 USC § 1252 (h) provides that the release of an alien on parole does not constitute a ground for the deferral of his deportation, the INA contains no expression of an intent to preempt or supersede State laws with regard to the incarceration and parole supervision of felony offenders. Similarly, such an intent cannot logically be inferred from the comprehensive nature of the INA itself, inasmuch as the Federal scheme of regulation with respect to matters of immigration and naturalization is distinct from and does not extinguish the broad police power of the States to compel the completion of a felony sentence by means of incarceration or parole. Additionally, there is no actual conflict between the provisions of the INA and those of the Executive Law, nor does the Executive Law serve to frustrate the accomplishment of the objectives of the INA. Rather, the two bodies of law complement each other and strike a harmonious balance in which the INS defers the exercise of its jurisdiction during an alien's incarceration and the New York State Division of Parole similarly defers to the INS for the purposes of facilitating deportation or other appropriate action *(see, e.g.,* 8 USC § 1252 [a] [2] [A]; [c], [f], [h], [i]; Executive Law § 259-i [2] [d] [i], [ii]). Accordingly, the retention of supervisory jurisdiction over the petitioner by the New York State Division of Parole is not preempted by Federal Law, and the Supreme Court acted properly in dismissing the proceeding. Bracken, J. P., Sullivan, Lawrence and Ritter, JJ., concur.