■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CARIDI, Appellant. [850 NYS2d 573]—

Appeal by the defendant from a judgment of the County

Court, Rockland County (Kelly, J.), rendered September 21, 2006, convicting him of offering a false instrument for filing in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was the president of a corporation involved in a construction project funded by the United States Department of Housing and Urban Development (hereinafter HUD). As a condition for the receipt of funds, the defendant filed payroll certificates with HUD, in which he falsely represented that workers on the project were paid at the prevailing wage rate required under the federal Davis-Bacon Act (*see* 40 USC § 3141 *et seq.*). Based upon these false representations, the defendant was convicted, upon his plea of guilty, of offering a false instrument for filing in the second degree (*see* Penal Law § 175.30). On appeal, the defendant contends that state prosecution was preempted by the Davis-Bacon Act and federal regulations providing administrative remedies for noncompliance with the Davis-Bacon Act. We disagree.

The Supremacy Clause of the United States Constitution "vests in Congress the power to supersede not only State statutory or regulatory law but common law as well" (*Guice v Charles Schwab & Co.,* 89 NY2d 31, 39 [1996]). However, "[t]he United States Supreme Court has decreed that unless Congress manifestly and clearly intends to preempt the States' exercise of jurisdiction over matters relating to the welfare of their citizens, the States' police powers are not to be superseded by a Federal act" (*City of New York v Job-Lot Pushcart,* 88 NY2d 163, 166-167 [1996]).

Here, the commencement of a criminal proceeding against the defendant for falsely representing that workers were paid at the prevailing wage rate required under the Davis-Bacon Act did not constitute a regulation of wages determined by the federal government, but was instead a valid exercise of the State's police power which had only a peripheral relationship to the wages required under the Davis-Bacon Act (*see People ex rel. Calderon v Russi,* 182 AD2d 794 [1992]). Moreover, there is no indication that Congress manifestly and clearly intended to preempt the State's police power based simply on the comprehensiveness of the federal act and the related regulations (*see Hillsborough County v Automated Medical Laboratories, Inc.,* 471 US 707, 717 [1985]; *People v Pymm,* 76 NY2d 511, 522 [1990]).

Furthermore, contrary to the defendant's contention, there is no conflict between state and federal law, since compliance with both is not impossible and the state prosecution does not "stand

as an obstacle to the accomplishment of the full purposes and objectives of Congress" (*City of New York v Job-Lot Pushcart*, 88 NY2d at 170; *see Hines v Davidowitz*, 312 US 52, 67 [1941]).

The defendant's remaining contentions are without merit. Ritter, J.P., Miller, Dillon and Angiolillo, JJ., concur.