# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**539**

**TP 10-02521**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF BRENT JACOBY, PETITIONER,

V                                                    MEMORANDUM AND ORDER

ANDREA EVANS, CHAIRWOMAN, NEW YORK STATE
DIVISION OF PAROLE, RESPONDENT.

---

BRENT JACOBY, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARLENE O. TUCZINSKI
OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Oneida County [Bernadette T. Clark, J.], entered December 22, 2010) to review a determination of respondent. The determination found that petitioner violated the conditions of postrelease supervision and imposed a time assessment of 18 months.

It is hereby ORDERED that the petition is unanimously granted in part by annulling that part of the determination finding that petitioner is a Category 1 violator pursuant to 9 NYCRR 8005.20 and as modified the determination is confirmed without costs.

Memorandum: In this proceeding transferred to us from Supreme Court pursuant to CPLR 7804 (g), petitioner contends that the determination of the Administrative Law Judge (ALJ) following a revocation hearing that petitioner violated the conditions of postrelease supervision (PRS) by possessing a weapon is not supported by substantial evidence. We reject that contention. It is undisputed that a parole officer assigned to supervise petitioner found a Sai, a three-pronged martial arts weapon, in a drawer in petitioner's apartment, where he lived alone. Although petitioner claimed that the weapon belonged to his former girlfriend, who had moved out of his apartment several days before the weapon was found, petitioner admitted at the hearing that he knew the Sai was in his apartment and that he took no steps to return it to his former girlfriend or otherwise to dispose of it. Even assuming, arguendo, that petitioner's former girlfriend owned the Sai, we conclude that such fact alone does not exonerate petitioner inasmuch as he may be found to possess an item that is owned by someone else.

Petitioner further contends that the Sai is not a dangerous

instrument or deadly weapon within the meaning of the Penal Law because it is not readily capable of causing serious physical injury or death. Whether the Sai qualifies as a dangerous instrument or deadly weapon is of no moment, however, because the conditions of petitioner's PRS prohibited him from possessing "any instrument readily capable of causing physical injury without a satisfactory explanation for ownership, possession or purchase." There was ample evidence at the hearing establishing that the Sai was capable of causing physical injury and that petitioner lacked a satisfactory explanation for his possession of it.

We agree with petitioner that the ALJ erred in designating him as a Category 1 violator within the meaning of 9 NYCRR 8005.20. We therefore grant the petition in part and modify the determination accordingly. Contrary to petitioner's contention, however, the 18-month time assessment imposed by the ALJ is neither unauthorized nor illegal. As respondent correctly notes, 9 NYCRR 8005.20 applies to individuals on parole and conditional release, not those serving a period of PRS, such as petitioner (*see* 9 NYCRR 8005.1 *et seq.*). Violators of PRS are subject to Penal Law § 70.45 (1), pursuant to which "a violation of any condition of supervision occurring at any time during such period of [PRS] shall subject the defendant to a further period of imprisonment up to the balance of the remaining period of [PRS], not to exceed five years" (*see* Executive Law § 259-i [3] [f] [x] [D]). Here, the time assessment of 18 months was shorter than the remaining period of PRS.

We have reviewed petitioner's remaining contentions and conclude that they lack merit.

Entered:  May 6, 2011                          Patricia L. Morgan
                                               Clerk of the Court