■ In the Matter of Michael Bouquio, Appellant, v Brian Fischer, as Commissioner of Correctional Services, Respondent. [930 NYS2d 91]—

Petitioner was sentenced on March 8, 1999 to 5¹/₂ to 11 years in prison for his conviction of robbery in the first degree. On March 22, 1999, petitioner was found guilty of burglary in the second degree and sentenced to a concurrent prison term of 3¹/₂ years, to be followed by five years of postrelease supervision. In April 2006, he was released to postrelease supervision, owing three years, seven months and one day toward his maximum aggregate sentence. Thereafter, in August 2008, petitioner was declared delinquent and, in June 2009, he was sentenced as a second felony offender to a 1¹/₂-to-3-year prison term for grand larceny in the fourth degree to run consecutively to his 1999 sentences. As a result, the Department of Correctional Services calculated petitioner's maximum expiration date as March 10, 2015, with a parole eligibility date of February 9, 2010 and a conditional release date of December 31, 2012. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge the calculation of his sentence. Supreme Court dismissed the petition and petitioner now appeals.

We affirm. To the extent that petitioner contends that his term of postrelease supervision pursuant to his March 22, 1999

sentence was satisfied, in part, by the service of his prison term pursuant to his March 8, 1999 sentence, we find such contention unavailing inasmuch as "[a] period of post-release supervision shall commence upon the person's release from imprisonment to supervision by the division of parole" (Penal Law § 70.45 [5] [a]; *see People v Munch*, 4 AD3d 627, 629 [2004], *lv denied* 2 NY3d 803 [2004]; *People v Goodband*, 291 AD2d 584, 586 [2002]). Likewise, to the extent that petitioner argues that his time served pursuant to postrelease supervision was not properly credited toward his aggregate prison term, we note that "[t]he remaining portion of any maximum or aggregate maximum term shall then be held in abeyance until the successful completion of the period of post-release supervision or the person's return to the custody of the department of correctional services, whichever occurs first" (Penal Law § 70.45 [5] [a]). Because petitioner did not successfully complete his period of postrelease supervision, as he was declared delinquent and returned to custody before the expiration of such period, no time could be credited toward his unexpired prison term.

Mercure, J.P., Peters, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.