[968 NE2d 983, 945 NYS2d 629]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY WILLIAMS, Appellant.

Argued March 22, 2012; decided April 26, 2012

## POINTS OF COUNSEL

*Center for Appellate Litigation*, New York City (*Katharine Skolnick* and *Robert S. Dean* of counsel), for appellant. Because the plain language of CPL 530.13 (4) specifically refers to the prison term's expiration date as the relevant one in setting the order of protection's end-date, the court erred in refusing to modify the order of protection to accord with the statute's express terms. (*Doctors Council v New York City Employees' Retirement Sys.*, 71 NY2d 669; *Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205; *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577; *Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86; *People v Paulin*, 17 NY3d 238; *Tompkins v Hunter*, 149 NY 117; *Cahen v Boyland*, 1 NY2d 8; *Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.*, 45 NY2d 471; *People v Smith*, 79 NY2d 309; *Sega v State of New York*, 60 NY2d 183.)

*Robert T. Johnson, District Attorney*, Bronx (*Justin J. Braun, Joseph N. Ferdenzi* and *Karen Swiger* of counsel), for respondent. Given that defendant's "determinate sentence also includes, as a part thereof, an additional period of post-release supervision" (Penal Law former § 70.45 [1]), the Appellate Division correctly held that the running of the final order of protection begins after defendant's postrelease supervision has expired. (*People v Crowley*, 34 AD3d 866, 7 NY3d 924; *People v Goodband*, 291 AD2d 584; *People v Andrickson*, 7 AD3d 725; *People v Lamagna*, 30 AD3d 1052, 7 NY3d 814; *People v Victor*, 20 AD3d 927, 5 NY3d 833; *People v Grice*, 300 AD2d 1005, 99 NY2d 654; *People v Harris*, 285 AD2d 980; *People v Catu*, 4 NY3d 242; *Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358; *Ruffins v Department of Correctional Servs.*, 701 F Supp 2d 385.)

### OPINION OF THE COURT

CIPARICK, J.

In this appeal, we consider whether "a determinate sentence of imprisonment actually imposed" (former CPL 530.13 [4])

includes the mandatory period of postrelease supervision (PRS) for purposes of calculating the duration of an order of protection issued at sentencing. We hold that it does.

On August 29, 2003, a Bronx County grand jury charged defendant with one count of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), one count of assault in the first degree (Penal Law § 120.10 [1]) and one count of assault in the second degree (Penal Law § 120.05 [1]) for allegedly stabbing his fiancée in the back and the neck. On May 3, 2006, in full satisfaction of the indictment, defendant pleaded guilty to one count of first-degree assault, a violent felony offense. At the initial sentencing proceeding, Supreme Court imposed a 13-year term of imprisonment. As part of the sentence, the court also ordered that "there will be a full Order of Protection in effect, which will run for three years from the date that [defendant is] released—from the date of the maximum time of incarceration." The order of protection reflects an expiration date of May 22, 2022.

Supreme Court did not mention PRS during sentencing, although the court's commitment sheet indicated a three-year PRS term. On direct appeal, the Appellate Division modified the judgment of conviction and sentence by vacating the three-year term of PRS since it was not part of the "oral pronouncement of sentence" and remanding the case for the proper imposition of PRS, and, as so modified, affirmed (*People v Williams*, 44 AD3d 335, 335 [1st Dept 2007]).

Defendant appeared in court for resentencing on May 28, 2008. At that time, Supreme Court orally sentenced defendant to a three-year term of PRS. Prior to this proceeding, however, defendant had moved to amend the order of protection issued at the original sentencing. Defendant argued that the order's May 22, 2022 expiration date did not take into account the approximately three years of jail time credit that he had accrued prior to his original sentence. Defendant reasoned that since the Department of Correctional Services had calculated the maximum expiration date of his determinate term of imprisonment as August 23, 2016, the order of protection should expire three years later on August 23, 2019. In opposing defendant's application, the People did not quarrel with defendant's calculations for jail time credit, but countered that the three-year period of PRS Supreme Court had intended to impose at the original sentencing extended the duration of the order of protection

into 2022. Supreme Court agreed with the People and denied defendant's motion. The Appellate Division unanimously affirmed the judgment of resentencing (*see People v Williams*, 84 AD3d 684, 685 [1st Dept 2011]). A Judge of this Court granted defendant leave to appeal (17 NY3d 810 [2011]) and we now affirm.

The parties agree that former CPL 530.13 (4), in effect at the time defendant pleaded guilty, is controlling here. That statute, as relevant to this appeal, provided that the duration of an order of protection issued at sentencing "in the case of a felony conviction, shall not exceed the greater of: (i) five years from the date of such conviction, or (ii) three years from the date of the expiration of the maximum term of . . . a *determinate sentence of imprisonment actually imposed*" (emphasis added).[1] Defendant does not dispute that extending the order of protection for three years following the maximum expiration date of his determinate sentence of imprisonment yields the greater of the two duration periods listed in the statute. He simply maintains that the term of PRS should be excluded from this calculation because it is not part of the "determinate sentence of imprisonment actually imposed." We disagree.

Of course, "[t]he governing rule of statutory construction is that courts are obliged to interpret a statute to effectuate the intent of the Legislature, and when the statutory language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of the words used" (*People v Finnegan*, 85 NY2d 53, 58 [1995] [internal quotation marks and brackets omitted]; *see also Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205, 208 [1976]). Applying this rule here, we begin by observing that when the Legislature enacted CPL 530.13 (4), PRS was not yet a component of a determinate sentence. This changed, however, when the Legislature amended the Penal Law and introduced PRS to the statutory scheme in 1998 (*see* L 1998, ch 1, as amended). Specifically, the Legislature enacted Penal Law § 70.45 (1), which then provided that "[e]ach determinate sentence also includes, as a part thereof, an

---

1. The current version of CPL 530.13 (4) affords even greater protection to victims. It provides that the duration of an order of protection "in the case of a felony conviction, shall not exceed the greater of: (i) eight years from the date of such sentencing, or (ii) eight years from the date of the expiration of the maximum term . . . of a determinate sentence of imprisonment actually imposed."

additional period of [PRS]."[2] Moreover, then Penal Law § 70.00 (6) defined "determinate sentence of imprisonment" to "include, as a part thereof, a period of [PRS] in accordance with section 70.45."

Despite these revisions to the Penal Law, defendant emphasizes that there was no corresponding amendment to former CPL 530.13 (4) referencing PRS. Defendant interprets the Legislature's inaction in this regard to mean that the Legislature did not intend for PRS to be part of a defendant's "determinate sentence of imprisonment." Although defendant's reading of former CPL 530.13 (4) by itself is not unreasonable, we prefer to harmonize the statutes (see McKinney's Cons Laws of NY, Book 1, Statutes § 98). The language of former Penal Law § 70.45 (1) and § 70.00 (6) is clear and unambiguous: a "determinate sentence of imprisonment" necessarily includes PRS (see People v Catu, 4 NY3d 242, 244 [2005]). If the Legislature intended PRS to be wholly distinct from a defendant's determinate sentence, it would not have specified in former section 70.45 of the Penal Law that a "determinate sentence" encompassed PRS "as a part thereof." Nor would the Legislature have described a "determinate sentence of imprisonment" to "include, as a part thereof, a period of [PRS]" in former section 70.00 (6).

Furthermore, inclusion of PRS in calculating the maximum expiration date of a determinate sentence of imprisonment is appropriate for another reason. A defendant sentenced to a determinate sentence of imprisonment may be conditionally released for "good behavior" after serving at least six-sevenths of the underlying term of incarceration (see Penal Law § 70.30 [4] [a]; § 70.40 [1] [b]; Correction Law § 803 [1] [c]). Such a defendant who is conditionally released immediately commences serving the imposed term of PRS and the remaining term of incarceration is "held in abeyance" during this period (Penal Law § 70.45 [5] [a]). A defendant who violates the conditions of PRS may be subject to additional confinement in prison. If this occurs, this period of reincarceration is credited toward the defendant's remaining unserved term of imprisonment (id.; Penal Law § 70.45 [5] [d]). Thus, in order to calculate a defendant's *maximum* expiration date of his determinate sentence of

2. The Legislature has since amended the language of Penal Law § 70.45 (1). It presently provides that, "[w]hen a court imposes a determinate sentence it shall in each case state not only the term of imprisonment, but also an additional period of [PRS]."

imprisonment at the time of sentencing, a court should include the mandatory period of PRS to account for the possibility that a defendant's term of incarceration may be "held in abeyance" (*see People v Goodband*, 291 AD2d 584, 586 [3d Dept 2002]).

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed.