## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  July 14, 2016                    521179
_____

In the Matter of JUAN G.
    RODRIGUEZ,
                        Petitioner,

        v                                   MEMORANDUM AND JUDGMENT

NEW YORK STATE DEPARTMENT OF
    CORRECTIONS AND COMMUNITY
    SUPERVISION et al.,
                        Respondents.
_____

Calendar Date:  May 24, 2016

Before:  Lahtinen, J.P., McCarthy, Garry, Clark and Mulvey, JJ.

_____

        Juan G. Rodriguez, Cape Vincent, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Frank Brady of counsel), for respondents.

_____

Clark, J.

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Board of Parole revoking petitioner's parole.

        Petitioner was convicted, upon his guilty plea, of criminal possession of a controlled substance in the third and seventh degrees.  After his termination from a drug court program, petitioner was sentenced as a second felony offender to the agreed-upon prison term of three years with two years of postrelease supervision (hereinafter PRS).  On October 18, 2012, following his successful completion of a shock incarceration

program, petitioner was conditionally released to PRS (see Correction Law § 867 [4]; Penal Law § 70.45 [5] [a]).  In December 2013, petitioner was charged, as later amended, with violating the conditions of his release by striking his girlfriend during a domestic dispute and testing positive for marihuana and opiates.  Following a final parole revocation hearing, the Administrative Law Judge (hereinafter ALJ) sustained the charges and ordered that petitioner be held until the maximum expiration of his sentence.  When a timely response to petitioner's administrative appeal was not forthcoming, he commenced this CPLR article 78 proceeding challenging the revocation determination.

"[R]evocation of parole will be confirmed where procedural requirements were followed and evidence, if credited, exists to support the determination" (Matter of McQueen v New York State Bd. of Parole, 118 AD3d 1238, 1239 [2014] [internal quotation marks and citations omitted], lv denied 24 NY3d 907 [2014]).  Here, the girlfriend testified that petitioner slapped her across the face during an argument, causing swelling and other injury, and thereafter pressured her not to testify.  This testimony, which the ALJ credited over petitioner's contrary account, combined with the police report of the incident and petitioner's incriminating statement to police, provides the requisite substantial evidence to support the first and second charges (see id. at 1238-1239; see also Matter of Shook v Evans, 121 AD3d 1141, 1142 [2014]).  Neither the victim's wish to not pursue criminal charges nor the fact that the police officer did not document her injuries undermines the finding that petitioner violated the conditions of parole or precludes revocation of parole for that conduct (see Matter of McQueen v New York State Bd. of Parole, 118 AD3d at 1239; Matter of Coston v New York State Div. of Parole, 111 AD3d 1075, 1076 [2013]).  The testimony of petitioner's parole officer established his positive drug test results, which, along with his admission that he used marihuana and opiates, provided substantial evidence to sustain the remaining charges (see People ex rel. Muhammad v Bradt, 68 AD3d 1391, 1392 [2009]).

We also uphold the penalty imposed by the ALJ.  Having violated the conditions of PRS, after being conditionally

released to such supervision following his successful completion of the shock incarceration program (see Correction Law § 867 [4]; Penal Law § 70.45 [5] [a]), the ALJ had the discretion to impose a penalty of reincarceration up to the maximum expiration of his sentence (see Penal Law § 70.45 [1], [5] [a], [d]; Executive Law § 259-i [3] [f] [x] [D]; 9 NYCRR 8005.20 [c] [1] [vi]), which, in this case, was the unserved portion of his determinate sentence, plus the remaining period of his PRS (see People v Williams, 19 NY3d 100, 104-105 [2012]).

To the extent that Matter of Jacoby v Evans (84 AD3d 1731 [2011]) requires a different result, we decline to follow it. Initially, we are unable to discern from Matter of Jacoby whether the petitioner in that case is similarly situated to petitioner in the instant case. Additionally, we do not agree that 9 NYCRR 8005.20 never applies to violators serving a period of PRS, as there is nothing in the regulatory language that leads to such a conclusion and there is no separate regulatory framework applicable to violators of postrelease supervision. In our view, 9 NYCRR 8005.20 (c) (1) (vi) – the provision applicable to petitioner – is consistent with Penal Law § 70.45. Accordingly, the ALJ properly designated petitioner a category 1 violator and imposed a penalty of reincarceration up to the maximum expiration of his sentence.

Finally, in view of the nature of petitioner's conduct and his attempts to tamper with the victim's testimony, the ALJ's determination to hold petitioner until the maximum expiration of his sentence was not harsh or excessive (see Matter of Davis v New York State Bd. of Parole, 81 AD3d 1020, 1021 [2011]; Matter of Rogers v Dennison, 47 AD3d 1149, 1151 [2008], lv denied 10 NY3d 711 [2008]). Petitioner's remaining contentions have been examined and found to be without merit.

Lahtinen, J.P., McCarthy, Garry and Mulvey, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court