Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole, among other things, revoking petitioner’s postrelease supervision period.
 

 In May 1999, petitioner was convicted of assault in the first degree (two counts), attempted rape in the first degree and reckless endangerment in the second degree and received an aggregate prison term of seven years (People v Abreu, 283 AD2d 194, 194 [2001], lv denied 96 NY2d 898 [2001]). As a result of another conviction for rape in the first degree, in 2002 petitioner received a prison sentence of 6 to 12 years to run consecutively to his seven-year prison term. In 2010, petitioner was resentenced and given five years of postrelease supervision because, in 1999, the sentencing court failed to pronounce a period of postrelease supervision at the time of sentencing (see Correction Law § 601-d; Penal Law § 70.85). In January 2014, upon reaching the maximum expiration date of his prison sentence, petitioner was released on postrelease supervision, prompting the Attorney General to commence a proceeding pursuant to Mental Hygiene Law article 10 to have petitioner adjudicated a sex offender and committed to a secure treatment facility. A finding of probable cause to believe that petitioner is a sex offender requiring civil management pursuant to Mental Hygiene Law article 10 was rendered and petitioner was committed to a secure treatment facility pending the outcome of the Mental Hygiene Law article 10 proceeding. On March 4, 2014, while at the facility, petitioner became agitated and, among other things, threatened staff and defecated on the floor. As a result of the incident, petitioner was charged with violating various conditions of his release, including threatening the facility’s staff and disrupting its operations and security. Following a final revocation hearing, an Administrative Law Judge sustained those charges, revoked petitioner’s release and ordered petitioner held until his maximum expiration date. Upon administrative appeal, the Board of Parole upheld that determination, prompting this CPLR article 78 proceeding.
 

 We confirm. Initially, contrary to petitioner’s contention, the Board had jurisdiction to conduct a final revocation proceeding and revoke petitioner’s postrelease supervision. Notwithstanding petitioner’s transfer to a secure treatment facility by way of a probable cause finding pursuant to Mental Hygiene Law article 10, he remained in the “legal custody” of the Department of Corrections and Community Supervision and was subject to the conditions of his postrelease supervision until the “expiration of the period of supervision” (Executive Law § 259-i [2] [b]; see Mental Hygiene Law §§ 10.03 [g] [1]; 10.06 [1] [1]; Penal Law § 70.45 [1]; 9 NYCRR 8003.1 [a]; cf. Matter of State of New York v Randy M., 57 AD3d 1157, 1159-1160 [2008], lv denied 11 NY3d 921 [2009]; People ex rel. Calderon v Russi, 182 AD2d 794, 794-795 [1992], appeal dismissed and lv denied 80 NY2d 915 [1992]; see generally Executive Law § 259-j). Moreover, petitioner has provided no basis for us to conclude that the conditions of his postrelease supervision were restricted, limited or abrogated in any way upon being transferred to a secure treatment facility pursuant to Mental Hygiene Law article 10 (see Executive Law § 259-i [2] [b]; Mental Hygiene Law § 10.03 [g] [1]; Penal Law § 70.45 [1], [5] [a]; Matter of State of New York v Claude McC., 122 AD3d 65, 72 [2014], lv dismissed 24 NY3d 1030 [2014]).
 

 Turning to the merits, revocation decisions will be confirmed if the procedural requirements were satisfied and there is evidence which, if credited, supports the determination (see Matter of Fincher v Executive Bd., N.Y. State Div. of Parole, 151 AD3d 1493, 1494 [2017]; Matter of Rodriguez v New York State Dept. of Corr. & Community Supervision, 141 AD3d 903, 904 [2016]). The hearing testimony, including the hearing testimony from one of the facility’s treatment aides assigned to supervise petitioner and from the treatment team leader, provides substantial evidence to support the determination that petitioner violated the conditions of his postrelease supervision that prohibited him from threatening the facility’s staff and disrupting its operations and security (see Matter of Shook v Evans, 121 AD3d 1141, 1142 [2014]). Further, the Administrative Law Judge’s determination to hold petitioner until the maximum expiration of his period of postrelease supervision was neither unlawful (see Penal Law § 70.45 [1]; Executive Law § 259-i [3] [f] [x] [D]), nor, given petitioner’s disruptive and violent conduct, harsh or excessive (see Matter of Rodriguez v New York State Dept. of Corr. & Community Supervision, 141 AD3d at 904; Matter of Jacoby v Evans, 84 AD3d 1731, 1731 [2011]). We have considered petitioner’s remaining contentions and find that they have either not been preserved for our review or are lacking in merit. Accordingly, we find no reason to disturb the determination revoking petitioner’s post-release supervision.
 

 Peters, P.J., Garry, Lynch, Mulvey and Rumsey, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.