■ In the Matter of KEITH WORRELL, Appellant, v TINA M. STANFORD, as Chair of the Board of Parole, Respondent. [59 NYS3d 922]—

Appeal from a judgment of the Supreme Court (Mott, J.), entered October 11, 2016 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole revoking petitioner's parole.

In 2009, petitioner pleaded guilty to attempted burglary in the second degree, a class D felony, and was sentenced to a three-year prison term to be followed by five years of post-release supervision (hereinafter PRS). In March 2015, while released on PRS, petitioner was charged with violating the conditions of his release by, among other things, failing to attend a required meeting with his parole officer. Following a final revocation hearing, at which petitioner pleaded guilty to that charge, an Administrative Law Judge determined that petitioner was a category 1 parole violator and ordered that he be held in state custody until the maximum expiration of his sentence. Upon administrative review, that determination was upheld by the Board of Parole, prompting petitioner to commence this CPLR article 78 proceeding. Supreme Court dismissed the petition, and petitioner now appeals.

Petitioner contends that he was improperly designated a cat-

egory 1 parole violator and that he should be found to be a category 3 parole violator. We disagree. As an initial matter, inasmuch as petitioner, who was represented by counsel, informed the Administrative Law Judge that he wanted "to max out" his sentence and did not "want to be on parole anymore," we find that he failed to preserve his present claim (*see Matter of Washington v Annucci*, 144 AD3d 1541, 1542 [2016]; *People ex rel. Murray v New York State Div. of Parole*, 95 AD3d 1527, 1528 [2012]). Were the issue before us, we would find it to be without merit. An individual may be designated a category 1 parole violator if, at the time that he or she committed the at-issue violation, he or she "was conditionally released from a sentence imposed on a conviction of a violent felony offense" (9 NYCRR 8005.20 [c] [1] [i]; *see generally* Penal Law § 70.02). Inasmuch as petitioner was convicted of attempted burglary in the second degree, a violent felony offense (*see* Penal Law §§ 70.02 [1] [b], [c]; 140.25), and committed the underlying violation while conditionally released to PRS, he was properly designated a category 1 parole violator by the Board (*compare Matter of Rodriguez v New York State Dept. of Corr. & Community Supervision*, 141 AD3d 903, 904-905 [2016], *with Matter of Jacoby v Evans*, 84 AD3d 1731, 1732 [2011]). Accordingly, we discern no basis to disturb the Board's determination.

Lynch, J.P., Rose, Devine, Rumsey and Pritzker, JJ., concur.
Ordered that the judgment is affirmed, without costs.