■ In the Matter of MICHELLE NORTON, Appellant, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [66 NYS3d 567]—

Appeal from a judgment of the Supreme Court (Young, J.), entered January 25, 2017 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Corrections and Community Supervision calculating petitioner's maximum expiration date.

In April 2010, petitioner was sentenced to concurrent determinate and indeterminate terms of imprisonment that resulted in an aggregate maximum prison term of six years, to be followed by four years of postrelease supervision (hereinafter PRS) (see Penal Law § 70.30 [1] [a]). Petitioner was released to PRS in September 2013, but she was declared delinquent in September 2014. An Administrative Law Judge (hereinafter ALJ) determined that petitioner had violated the conditions of her release and ordered that she be held until the maximum expiration date. The Department of Corrections and Community Supervision thereafter recalculated petitioner's sentence and determined that she should be held for the unserved portion of her term of imprisonment plus the remaining period of her PRS. Petitioner commenced this CPLR article 78 proceeding, challenging the calculation of the maximum expiration date. Supreme Court dismissed the petition, finding that the maximum expiration date was accurately calculated, and petitioner now appeals.

Petitioner contends that the Department erred by including the time remaining of her PRS in calculating the maximum expiration date of her sentence. We disagree. The ALJ had the discretion to order that petitioner, who had violated the conditions of her PRS, be held until the maximum expiration date of her sentence (see Penal Law § 70.45 [1], [5]; *Matter of Rodriguez v New York State Dept. of Corr. & Community Supervision*, 141 AD3d 903, 904 [2016]). The maximum expiration date of petitioner's sentence includes not only the unserved portion of her aggregate prison sentence, but also the remaining period of her PRS (see Penal Law § 70.30 [1] [a]; *People v Williams*, 19 NY3d 100, 104-105 [2012]; *Matter of Rodriguez v New York State Dept. of Corr. & Community Supervision*, 141 AD3d at 904). Although petitioner contends that, by indicating "M.E." for maximum expiration on the parole revocation notice as the penalty to be imposed, without any specific notation concerning her PRS, the ALJ did not intend to include the remaining period of her PRS in the penalty, this speculative assertion is not supported by the record.

Peters, P.J., Egan Jr., Devine, Clark and Aarons, JJ., concur. Ordered that the judgment is affirmed, without costs.