Matter of Lumpkins v Annucci (2019 NY Slip Op 06831)





Matter of Lumpkins v Annucci


2019 NY Slip Op 06831


Decided on September 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 26, 2019

527412

[*1]In the Matter of Todd Lumpkins, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: September 4, 2019

Before: Egan Jr., J.P., Clark, Devine, Aarons and Pritzker, JJ.


Todd Lumpkins, Wards Island, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Devine, J.
Appeal from a judgment of the Supreme Court (Zwack, J.), entered August 8, 2018 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, compel the Department of Corrections and Community Supervision to recalculate the commencement and expiration dates of his period of postrelease supervision.
In 2001, petitioner was convicted of a number of crimes and was sentenced to concurrent prison terms of 7½ to 15 years for promoting prostitution in the second degree, 3½ to 7 years for promoting prostitution in the third degree, 3½ to 7 years for coercion in the first degree, seven years for assault in the second degree and one year for criminal possession of a weapon the fourth degree (three counts). He was received into the custody of the Department of Corrections and Community Supervision (hereinafter DOCCS) on October 16, 2001. At that time, DOCCS determined that petitioner's parole eligibility date was April 12, 2008, his conditional release date was October 12, 2010 and his maximum expiration date was October 12, 2015. DOCCS further determined that, if petitioner qualified for a limited credit time allowance, his adjusted conditional release date would be April 12, 2010. In October 2009, petitioner was resentenced on his 2001 convictions and a five-year period of postrelease supervision (hereinafter PRS) was added to the determinate seven-year sentence imposed on his assault conviction, with the other sentences remaining the same.
On April 6, 2010, just prior to petitioner's eligibility for release based on his adjusted conditional release date, a proceeding was commenced pursuant to Mental Hygiene Law article 10 seeking to have him civilly confined as a sex offender requiring civil management. In connection therewith, Supreme Court (Wood, J.) signed an order authorizing DOCCS to retain custody of petitioner pending a probable cause hearing (see Mental Hygiene Law § 10.06 [g]).[FN1] In September 2010, Supreme Court (Aloise, J.) found probable cause to believe that petitioner was a sex offender requiring civil management and ordered his continued confinement during the pendency of the proceeding. Petitioner remained in DOCCS custody. In October 2012, following a trial, Supreme Court determined that petitioner was a dangerous sex offender requiring confinement and ordered that he be committed to a secure treatment facility designated by the Commissioner of Mental Health. He was transferred to such a facility on January 24, 2013.
The longest of petitioner's 2001 sentences continued to run until petitioner reached his maximum expiration date on October 12, 2015. At that time, and while he was still confined in the secure treatment facility, he began serving the five-year period of PRS imposed upon his assault conviction. Petitioner thereafter asked DOCCS to recalculate his sentence to give him credit for having served his period of PRS while he was on parole following his October 12, 2010 conditional release date. DOCCS denied petitioner's request and maintained that his period of PRS commenced on October 12, 2015 and expired on October 12, 2020. Petitioner, in turn, commenced this CPLR article 78 proceeding seeking to, among other things, compel DOCCS to recalculate the commencement and expiration dates of his period of PRS. Following joinder of issue, Supreme Court (Zwack, J.) dismissed the petition, and this appeal ensued.
Petitioner contends that DOCCS violated Penal Law § 70.45 (5) (a) by calculating his five-year period of PRS to begin on October 12, 2015, his maximum expiration date, and to end on October 12, 2020. He maintains that it should have instead been calculated to commence on either his April 12, 2010 adjusted conditional release date, his October 12, 2010 conditional release date or on January 24, 2013, the date that he was transferred to the secure treatment facility. We are not persuaded. Penal Law § 70.45 (5) (a) provides, in relevant part, that "[a] period of post-release supervision shall commence upon the person's release from imprisonment to supervision by [DOCCS]" (see Matter of Carpenter v Corcoran, 75 AD3d 1110, 1110 [2010], lv denied 15 NY3d 712 [2010]; Matter of Bouquio v Fischer, 87 AD3d 1244, 1244-1245 [2011]). As was noted when this statutory provision was enacted, "[p]ost-release supervision enables the imposition and enforcement of conditions on offenders to promote their successful reintegration into the community" (Governor's Approval Mem, Bill Jacket, L 1998, ch 1, at 6, 1998 NY Legis Ann at 2).
Here, petitioner was not released from prison to DOCCS's supervision for reintegration into the community on any of the dates for which he advocates. The Mental Hygiene Law article 10 proceeding was brought against petitioner on April 6, 2010, at which time he was not released, and he was ordered to remain confined in DOCCS's custody during the pendency of the proceeding. This covered the April 12, 2010 and October 12, 2010 dates when he may have been eligible for conditional release. Likewise, petitioner was not released from prison to DOCCS's supervision on January 24, 2013, but was transferred to a secure treatment facility designated by the Commissioner of Mental Health. In view of the foregoing, we find that DOCCS did not violate Penal Law § 70.45 (5) (a) in calculating petitioner's five-year period of PRS to commence on October 12, 2015 and expire on October 12, 2020.
Petitioner's reliance on Matter of Abreu v Stanford (153 AD3d 1455 [2017], lv denied 31 NY3d 902 [2018]) does not compel a contrary conclusion, as the petitioner in that case was already serving his period of PRS when committed to a secure treatment facility and was not challenging the manner in which PRS was calculated. We have considered petitioner's remaining contentions and find them to be lacking in merit. Accordingly, Supreme Court properly dismissed the petition.
Egan Jr., J.P., Clark, Aarons and Pritzker, JJ. concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: In addition, the Board of Parole imposed a special condition staying petitioner's release until a determination was made in the Mental Hygiene Law article 10 proceeding.