People v Fullard (2022 NY Slip Op 04330)

People v Fullard

2022 NY Slip Op 04330

Decided on July 7, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 7, 2022

112207
[*1]The People of the State of New York, Respondent,
v
Jermaine C. Fullard, Appellant.

Calendar Date:May 24, 2022

Before:Lynch, J.P., Clark, Pritzker, Ceresia and McShan, JJ.

John R. Trice, Elmira, for appellant.
Mary E. Saitta, Special Prosecutor, Binghamton, for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered August 2, 2019, convicting defendant following a nonjury trial of the crime of obstructing governmental administration in the second degree.
In February 2018, defendant was questioned by the Endicott Police Department in relation to a sexual assault complaint and was thereafter arrested. During the booking process, defendant became combative and physical with police officers. Defendant was eventually charged by indictment with sexual abuse in the first degree, rape in the third degree and obstructing governmental administration in the second degree. Following a nonjury trial, defendant was convicted of obstructing governmental administration in the second degree (see Penal Law § 195.05) and acquitted of the remaining charges related to the alleged sexual assault. County Court sentenced defendant to a three-year term of probation and four months of "working weekends." Defendant appeals.
Defendant first asserts that his conviction is not supported by the weight of the evidence as there was no proof that he intended to obstruct the booking process. "In determining whether defendant's conviction[] [is] against the weight of the evidence, we first must determine whether a different result would have been unreasonable; if not, we then weigh conflicting testimony, reviewing any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the Court then decides whether the [fact finder] was justified in finding the defendant guilty beyond a reasonable doubt" (People v Jasiewicz, 162 AD3d 1398, 1399 [2018] [internal quotation marks, brackets and citation omitted], lv denied 32 NY3d 1005 [2018]; see People v Baltes, 75 AD3d 656, 658 [2010], lv denied 15 NY3d 918 [2010]; People v Hodge, 290 AD2d 582, 583 [2002], lv denied 97 NY2d 755 [2002]). As relevant here, "[a] person is guilty of obstructing governmental administration when he [or she] intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act" (Penal Law § 195.05; accord People v Jasiewicz, 162 AD3d at 1399-1400). A conviction of this crime can be supported by a "refusal to comply with orders and continued physical resistance" (People v Hodge, 290 AD2d at 584; see People v Nieves-Cruz, 200 AD3d 1588, 1590 [2021]).
A detective testified that defendant went voluntarily to the police station for questioning regarding a sexual assault complaint that had been received and, following questioning, was arrested. While being booked, defendant became combative and "irate" when denied access to his vape. Defendant "took a squared off stan[ce]" with "clenched . . . fists" and told the detective [*2]that "[he] was going to have to beat [defendant] down" to get defendant to cooperate with booking. Defendant calmed momentarily but, upon the arrival of additional officers, became combative once again and lunged at the detective. A taser was utilized and defendant was physically restrained by the detective and two other officers. As a result of defendant's actions, the detective was unable to complete the booking process and defendant was ultimately brought to another area of the station where the process was later completed by other officers.
As "defendant's intent may be inferred from the surrounding circumstances, including h[is] words or conduct" — namely, telling the investigator that he would not cooperate with booking and becoming physical — we are satisfiedthat the evidence demonstrated that defendant intended to subvert the booking process after his arrest (People v McLean, 128 AD3d 1106, 1108 [2015], lv denied 25 NY3d 1204 [2015]), and we further find that a different verdict would have been unreasonable (see People v Serrano, 200 AD3d 1340, 1345 [2021], affd ___ NY3d ___, 2022 NY Slip Op 03932 [2022]). In any event, upon weighing the evidence in a neutral light and deferring to County Court's credibility findings, in our view, the verdict is not contrary to the weight of the evidence (see id. at 1345-1346; People v Hadfield, 119 AD3d 1224, 1226 [2014], lv denied 24 NY3d 1002 [2014]).
Defendant also challenges the severity of his sentence. The record reveals that County Court took into account statements from defendant's employer that he would lose his employment if he were sentenced to jail time and ultimately sentenced him to a three-year term of probation and four months of "working weekends." Considering defendant's criminal history and the circumstances underlying the instant conviction, we do not conclude that this sentence was "unduly harsh or severe" so as to warrant a reduction in the interest of justice (CPL 470.15 [6] [b]).
Lynch, J.P., Clark, Pritzker and McShan, JJ., concur.
ORDERED that the judgment is affirmed.