Matter of Turner v New York State Bd. of Parole (2025 NY Slip Op 06368)

Matter of Turner v New York State Bd. of Parole

2025 NY Slip Op 06368

Decided on November 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 20, 2025

CV-23-1944
[*1]In the Matter of Jesse Turner, Petitioner,
v
New York State Board of Parole, Respondent.

Calendar Date:October 16, 2025

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ.

Jesse Turner, Malone, petitioner pro se.
Letitia James, Attorney General, Albany (Rachel Raimondi of counsel), for respondent.

Fisher, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent revoking petitioner's parole.
In 2008, following a jury trial, petitioner was convicted of attempted assault and weapons charges but acquitted of attempted murder stemming from charges that he had shot an individual in March 12, 2007 (People v Turner, 73 AD3d 1282, 1282 [3d Dept 2010], lv denied 15 NY3d 896 [2010]). Petitioner was thereafter sentenced to an aggregate prison term of 12 years, to be followed by five years of postrelease supervision, and, upon appeal, this Court affirmed that judgment of conviction and sentence (id. at 1283-1285). In October 2020, he was released to parole supervision.
In March 2022, petitioner was involved in a domestic dispute at the home that he shared with his girlfriend. During that incident, law enforcement officers sought to question petitioner regarding a motor vehicle crash involving his girlfriend's vehicle, and petitioner resisted such efforts and refused to cooperate, resulting in the use of a taser on petitioner. Petitioner was arrested and charged with, as relevant here, obstruction of governmental administration in the second degree. The ensuing violation of release report charged petitioner with six violations of the conditions of his release but, at the revocation hearing, the Department of Corrections and Community Supervision proceeded only on the charges that petitioner committed obstruction of governmental administration in the second degree and behaved in a way that threatened the health and safety of himself or others. Following preliminary and final parole revocation hearings, an Administrative Law Judge (hereinafter ALJ) sustained these two charges, revoked petitioner's parole and ordered petitioner to be held until the maximum expiration of his sentence. That determination was upheld on administrative appeal, and this CPLR article 78 proceeding ensued to challenge this determination.
We confirm. "It is well established that a parole revocation decision will be upheld so long as the procedural requirements were followed and there is evidence which, if credited, would support such determination" (Matter of Brunson v New York State Dept. of Corr. & Community Supervision, 153 AD3d 1077, 1077-1078 [3d Dept 2017] [internal quotation marks and citations omitted]; accord Matter of Davis v Laclair, 165 AD3d 1367, 1368 [3d Dept 2018]). In order to warrant revocation, the alleged parole violation must be supported by clear and convincing evidence (see Executive Law § 259-i [3] [f] [viii]; Penal Law § 70.45 [4]), and issues of credibility are for the ALJ to resolve (see Matter of Riley v Alexander, 139 AD3d 1206, 1207 [3d Dept 2016]; Matter of Heier v Department of Corr. & Community Supervision, 113 AD3d 1018, 1019 [3d Dept 2014]). "A person is guilty of obstructing governmental administration [in the second degree] when . . . [s]uch person [*2]intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act" (Penal Law § 195.05; see People v Hadlock, 218 AD3d 925, 927 [3d Dept 2023], lv denied 40 NY3d 997 [2023]; People v Fullard, 207 AD3d 816, 817 [3d Dept 2022]; People v Jasiewicz, 162 AD3d 1398, 1399-1400 [3d Dept 2018], lv denied 32 NY3d 1005 [2018]).
In addition to the documentary evidence, the testimony of petitioner's parole officer and one of the police officers involved in, and who witnessed, the incident supports respondent's determination. The hearing testimony reflects that, upon arrival at petitioner's home, police officers overheard arguing, observed significant injuries on petitioner's face and were informed by petitioner's girlfriend, who was nine months pregnant and gave birth later that day, that petitioner had arrived at the home with those injuries. During this encounter, the police officers received a police radio dispatch report advising that another police department sought to detain petitioner for investigation of his involvement in a motor vehicle crash. Petitioner's girlfriend then informed the officers that petitioner had crashed her vehicle. Upon hearing the foregoing, petitioner rushed past the officers, pulled away from one of the officers who had grabbed petitioner's arm and ordered him to wait, and retreated to the bathroom in the back of the home, where he subsequently refused to cooperate, resulting in petitioner being tased. In view of the fact that petitioner dangerously escalated the incident by physically pulling away from the officers and by resisting apprehension and/or detainment following the officers' observations made at the home and receipt of the police dispatch report, we find that substantial evidence supports respondent's determination of guilt as to both charges (see generally People v Fullard, 207 AD3d at 817-818; People v Adair, 177 AD3d 1357, 1357-1358 [4th Dept 2019], lv denied 34 NY3d 1125 [2020]; People v Jasiewicz, 162 AD3d at 1399-1400; People v Dolan, 172 AD2d 68, 75 [3d Dept 1991], lv denied 79 NY2d 946 [1992]).
To the extent that petitioner challenges the penalty imposed, we are unpersuaded that, under these circumstances, respondent's determination of holding petitioner to the maximum expiration date of his sentence was harsh or excessive or an abuse of discretion (see Matter of Rodriguez v New York State Dept. of Corr. & Community Supervision, 141 AD3d 903, 905 [3d Dept 2016]; Matter of Holloway v Travis, 289 AD2d 821, 822 [3d Dept 2001]). Petitioner's remaining contentions, including his claim that he did not interfere with a lawful governmental function because the police officers did not allegedly have reasonable suspicion to detain him upon receiving the police dispatch report, have been reviewed [*3]and found to be without merit (see People v Rosario, 78 NY2d 583, 588 [1991], cert denied 502 US 1109 [1992]; People v Jacque-Crews, 213 AD3d 1335, 1336 [4th Dept 2023], lv denied 39 NY3d 1111 [2023]; People v Cuevas, 140 AD3d 1313, 1314 [3d Dept 2016]).
Aarons, J.P., Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.