■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHARD PAUL BAKER, Appellant, v. HAROLD W. FOLLETTE, as Warden of Green Haven Prison, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Dutchess County, dated January 30, 1969, which dismissed the writ. Judgment affirmed, without costs. We prefer to abide by the majority view in *People ex rel. Smith* v. *Deegan* (32 A D 2d 940). There is no constitutional mandate for either assistance of counsel or an adversary hearing in parole revocation procedures. Even under the Federal process, where a special rule of the Board of Parole of the United States permits representation by counsel at a revocation hearing, the constitutional due process clause has been applied only to assure that this rule is applied equally to rich and poor. However, we dare say that the rule makers might have had second thoughts about permitting counsel at such hearings had they perceived the possibility that the courts, as in *Earnest* v. *Willingham* (406 F. 2d 681), would *require* the Federal Board of Parole to furnish counsel to indigent parolees, a service for which the Congress has legislated neither the power nor the funds. We observe too, a reluctance on the part of the Federal judiciary to interfere with the sensitive process of parole revocation despite the more liberal Federal rule. Judge BURGER (now Chief Justice BURGER) in *Hyser* v. *Reed* (318 F. 2d 225, 240), said,

---

" Judicial review of Board action with respect to a finding of parole violation is admittedly narrow and limited. Even more limited is judicial review of the Board's judgment as to what it should do about the violation. Once the violation is established or admitted, the exercise of discretion in determining whether or not parole should be revoked, represents a very high form of expert regulatory and administrative judgment and the expert appraisal of the Parole Board in this area can be regarded as almost unreviewable." In New York State we not only are not faced with a rule permitting counsel; we are statutorily mandated to deny counsel at parole revocation hearings (Correction Law, §§ 218, 828). The concept here is that the hearing is the last of a series of steps which may lead to revocation. The information relative to violations has already been gathered by the parole officer assigned to supervise the parolee and has been evaluated by administrative personnel before submission to the Board of Parole. It is at this point, immediately before the determination is made, that the parolee is given the opportunity to explain his conduct. It is obvious, as noted by Judge Burger (supra), that the administration of parole requires a particular expertise and it hardly needs reminder that the role of a parole officer and his training is in the field of rehabilitation. It is highly unlikely that any but persistent offenders, those who refuse to conform to specified rules of conduct, are returned for revocation. For these reasons we believe that the courts should not meddle in this process and short of legislative fiat or direction by a higher judicial authority (cf. dissent of Chief Judge Fuld in People v. Simons, 22 N Y 2d 533, 545) we decline to rule that a parolee is entitled to have counsel at a parole revocation hearing or that he is entitled to the minutes, if any, taken at such a hearing. This is the same position recently taken by the Third Department in People ex. rel. Ochs v. La Vallee (33 A D 2d 80). (See, also, the well-reasoned opinion by Hoyt, J., in People ex rel. Johnson v. Follette, 58 Misc 2d 474.) We are not unmindful of the cases cited by our colleague, Mr. Justice Hopkins, in his concurrence here and his dissent in People ex rel. Allen v. Follette (33 A D 2d 1051). We point out that those cases dealt with attempts to violate or exceed positive statutory requirements and involved incidents which occurred outside any revocation hearing and could be demonstrated by records other than the hearing minutes. Rabin, Acting P. J., Munder and Martuscello, JJ., concur; Hopkins, J., concurs, with the following separate memorandum, in which Benjamin, J., concurs: Relator urges that the revocation of his parole was accomplished at the expense of a violation of due process. In particular, he protests that the Board of Parole did not permit him the right of counsel at the hearing, that he was not granted the right to confront witnesses or to present testimony, and that the record of the proceedings was not made available to him. Attached to the brief of his counsel on this appeal is a letter from his counsel to the Board of Parole, requesting a transcript of the record, and the Board's reply denying the request. Following the argument of the appeal, we directed the Attorney-General to submit a supplementary brief with respect to the procedure in effect in revocation hearings, including the use of a record. The supplementary brief of the Attorney-General contains the full record of the proceedings of the hearing before the Board of Parole. The record makes clear that among the several violations of parole with which relator was charged was a post-parole conviction in Massachusetts of the crime of unlawful possession of a harmful drug. Under these circumstances, I am of the opinion that due process did not require the presence of counsel (People ex rel. Smith v. Deegan, 32 A D 2d 940, 942–944 [concurring memorandum]). Nevertheless, I believe that relator was entitled in this habeas corpus proceeding to the record of the revocation hearing. Though the Board of Parole has wide discretion to deal with a parolee charged with violation of his parole, it does not have an absolute

discretion. It must act in accordance with the procedure which the statute prescribes (*Matter of Hines* v. *State Board of Parole*, 293 N. Y. 254; cf. *People ex rel. Marvin* v. *McDonnell*, 280 App. Div. 367; *People ex rel. Ingenito* v. *Warden*, 267 App. Div. 295, 300, affd. 293 N. Y. 803). Since to this degree at least the actions of the Board of Parole are subject to review, a record must be supplied (cf. *Kwock Jan Fat* v. *White*, 253 U. S. 454). But that deficiency has been cured by the supplementary brief of the Attorney-General in which the record of the hearing has been made available to relator. No useful purpose would be served at this point to remand this habeas corpus proceeding to Special Term for further proceedings in the light of the record. Hence, the judgment should be affirmed.