■ In the Matter of WILLIE BULGER, Petitioner, v NEW YORK STATE BOARD OF PAROLE et al., Respondents.—Determination of respondents, New York State Board of Parole *et al.,* dated December 27, 1990, which found that petitioner had violated two conditions of his release to parole supervision and that his parole should therefore be revoked and petitioner returned to prison until the maximum expiration of his sentence, is unanimously confirmed, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred

to this Court by order of the Supreme Court, New York County [Leland DeGrasse, J.], entered December 11, 1991), is dismissed.

There is substantial evidence to support the determination of the Parole Board that petitioner had violated the conditions of his release *(see, People ex rel. Walker v Hammock,* 78 AD2d 369, 371). More particularly, there was evidence that petitioner violated a specific condition of his parole by contacting his former girlfriend and harassing and physically threatening her, and contacting his wife.

Petitioner's attack upon the time assessment of his re-imprisonment is not a ground for relief as the Parole Board is not required to fix a date for a parole reconsideration hearing *(Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69, 75). Concur—Murphy, P. J., Carro, Milonas, Ellerin and Kupferman, JJ.