■ In the Matter of CHARLES McDONALD, Appellant, v RAUL RUSSI, Respondent. [624 NYS2d 932] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent dated April 20, 1992, revoking the petitioner's parole, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Carey, J.), entered July 19, 1993, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

It is now well settled that a parolee has the right to be represented by counsel at a final parole revocation hearing (see, Executive Law § 259-i [3] [f] [v]; People ex rel. Menechino v Warden, 27 NY2d 376; People ex rel. Martinez v Walters, 99 AD2d 476). When determining the adequacy of that representation, a reviewing court must note the duration of the representation, together with the evidence, the law, and the circumstances present in the context of the particular proceeding under review (see, People v Baldi, 54 NY2d 137; People v Donovan, 184 AD2d 654). Based on the record before us, we find that the appellant was afforded meaningful representation.

The appellant's challenge to the determination fixing the period of his reimprisonment is without merit. The Parole Board is not required to fix a date for a parole reconsideration hearing (see, Matter of Russo v New York State Bd. of Parole, 50 NY2d 69; Matter of Bulger v New York State Bd. of Parole, 183 AD2d 451). Thompson, J. P., Lawrence, Hart and Goldstein, JJ., concur.