OPINION OF THE COURT
Donald J. Mark, J.
The petitioner is confined to the Monroe County Jail, awaiting transfer to a State correctional facility, as a result of a final parole revocation hearing in which his parole was revoked after he was found to have violated its conditions by commiting a *423 crime. Pursuant to CPLR 7001 he has challenged the legality of his continued confinement upon the ground that the “time assessment” determined at that hearing has expired, mandating his immediate release.
On November 12, 1998, a final parole revocation hearing was conducted to inquire into five crimes allegedly committed by the petitioner while on parole, each of which constituted a possible parole violation. At that time the petitioner, his counsel, the prosecuting parole officer and the Administrative Law Judge all agreed that the petitioner could plead to one charge of a parole violation and the other four charges would be dismissed, and that there would be a time assessment of time served plus an additional three months of incarceration. In accordance with that agreement the petitioner pleaded guilty to one charge, the other four charges were dismissed, his parole was revoked and he was given a time assessment of time served plus an additional three months of incarceration beginning on that date.
The Administrative Law Judge advised the petitioner that if he had any criminal charges pending against him at the end of the three-month period, the Board of Parole could hold him longer than that time, and he did in fact have a criminal charge so pending. 9 NYCRR 8002.6 (d) (1) (iii) (b) (2) and (iv) (c) provide that if a parole violator is in local custody the Board of Parole will defer consideration of his release to reparole until he has been returned to a State correctional facility where “the parole violator had criminal charges pending against him at the time that the final parole revocation hearing was conducted” (9 NYCRR 8002.6 [d] [1] [iv] [c]).[1] On February 5, 1999, prior to the expiration of the time assessment, a Board member by written notice so deferred consideration of the petitioner’s release to parole supervision until such transfer.
The petitioner bases his claim for habeas corpus relief by alleging that his time assessment expired on February 12, 1999, and he was not released from custody on that date; at first blush this argument seems meritorious.
The parole revocation decision notice the Administrative Law Judge furnished to the petitioner documented the petitioner as a “Category 3 Violator” which translates into the *424 crime of conviction not being a violent felony offense. 9 NYCRR 8005.20 (c) (3) provides:
“For the following violators defined as ‘Category 3,’ the hearing officer shall impose a time assessment that * * *
“(ii) is the equivalent of the time spent in custody on the parole violation warrant plus three months for a violator who is being supervised on a sentence imposed on a conviction which is not a violent felony offense”.
Paragraph (5) of the same subdivision provides: “A decision within these guidelines may be made by the presiding officer as a final and binding decision for * * * any Category 3 time assessment.”[2]
Thus, the petitioner is correct that pursuant, to the applicable statute the expiration date of his time assessment was February 12, 1999.
However, the petitioner is incorrect that the expiration date of his time assessment equates to the date of his release from confinement.
The flaw in the petitioner’s argument is that the same decision notice recites “Note: Estimated delinquent time assessment expiration date 2,12,99. As of this date you are eligible for re-release consideration by the Parole Board * * * This date is not to be interpreted as an established release date” (emphasis added). Also, 9 NYCRR 8002.6 (a) defines time assessment in these terms: “A time assessment is a period of time which is fixed as a result of a final parole revocation hearing and which determines a date by which time the parole violator will be considered by the board for re-release” (emphasis added).
Analogous case law supports the conclusion that the expiration date of the time assessment is not tantamount to the date the parole violator is to be released from custody.
People ex rel. Grimmick (Zakrzewski) v McGreevy (141 AD2d 989, Iv denied 73 NY2d 702) provides appellate authority for this proposition. There, following a final parole revocation hearing in January 1987, the Hearing Officer revoked the petitioner’s parole, determined a delinquency date of July 27, 1986, and recommended that he be held one year prior to Board *425 consideration; a member of the Parole Board approved the Hearing Officer’s recommendation; on July 27, 1987, the petitioner initiated a habeas corpus proceeding, claiming he should be immediately released because a year had passed since his delinquency date and he had not been considered for reparole. County Court granted the writ and ordered the petitioner’s immediate release, but the Appellate Division, Third Department, reversed, rejecting the petitioner’s contention that the Board had to consider his application for reparole one year after his delinquency date had been established.
The appellate court in its decision referred to Executive Law § 259-i (3) (f) (x) which provided in pertinent part as follows: “The presiding officer may (A) direct the violator’s reincarceration and fix a date for consideration by the board for re-release on parole” (emphasis added), and it concluded (supra, at 990): “Thus, it appears that at the time of petitioner’s habeas corpus petition, filed one year after the delinquency date, petitioner was not entitled to be considered by the Board for reparole.” It follows that if the Hearing Officer cannot obligate the Board to a date on which it must consider a parolee for discharge from confinement, he likewise cannot obligate the Board to a date on which the parolee must be discharged.
Further appellate authority is found in Matter of Bulger v New York State Bd. of Parole (183 AD2d 451), where the Appellate Division, First Department, affirmed the revocation of parole and concluded (at 452): “Petitioner’s attack upon the time assessment of his re-imprisonment is not a ground for relief as the Parole Board is not required to fix a date for a parole reconsideration hearing.”
These appellate decisions support the conclusion that a time assessment expiration date only signifies a date on which the parolee becomes eligible for reparóle, and not the date of his release from confinement.
People ex rel. Perdue v Jablonsky (174 Misc 2d 604) furnishes additional and more pertinent authority for this proposition. There, three parolees, after having been found to have violated the terms of their parole, received a time assessment of time served and three months’ confinement; they had completed their time assessments, so that they were eligible for re-release on parole pursuant to 9 NYCRR 8002.6, but they were prevented from obtaining re-release on parole until they were transferred back to their respective State correctional facilities; they brought habeas corpus petitions, not for their immediate release, but to compel the Department of Correctional *426 Services to accept them back into the State prison system so that they could be considered for reparóle. The court converted their habeas corpus petitions into petitions pursuant to CPLR article 78 in the nature of mandamus to compel their acceptance in the State prison system, but the clear implication of this decision is that the expiration of a time assessment period means only that the parolee becomes eligible for re-release on parole at that time.
Since the petitioner is not entitled to an immediate release from the Monroe County Jail, his request for habeas corpus relief is meritless, and his petition must be dismissed on that basis (People ex rel. Wilson v Hanslmaier, 232 AD2d 702).
Accordingly, the application for a writ of habeas corpus is denied.

. The import of this section counters the petitioner’s argument that the dismissal of four of the charges constituting the parole violations operated as a bar to his continued incarceration, even though one dismissed charge represented the pending criminal charge.

. The decision notice recites “No Board Action Required,” and this conforms to this paragraph. Contrary to the petitioner’s contention, this did not mandate his release at the end of the time assessment period, but rather indicated that the Parole Board would not alter the time assessment period, as it was prescribed by this paragraph.