■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL LEGGETT, Appellant, v ARTHUR LEONARDO, as Superintendent

of Greene Correctional Facility, Respondent. [711 NYS2d 219] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered August 26, 1999 in Greene County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

Following a final parole revocation hearing, petitioner was found guilty of violating a condition of his parole by stabbing his girlfriend and pleading guilty to assault in the third degree in connection therewith. Petitioner's parole was revoked and, based upon the determination that petitioner's violent conduct warranted "Category 1" parole violator status (*see*, 9 NYCRR 8005.20 [c] [1] [vi]), a 30-month time assessment was imposed. Thereafter, petitioner commenced this habeas corpus proceeding contending that a "Category 3" time assessment of three months should have been imposed and that, since the three-month period has expired, he is entitled to immediate release. Supreme Court dismissed the petition, resulting in this appeal.

We affirm. A time assessment period fixed as a result of a final parole revocation hearing determines the date upon which a parole violator may be considered for rerelease by the Board of Parole (*see*, 9 NYCRR 8002.6 [a]). Thus, even if petitioner was deemed a "Category 3" parole violator subject to a three-month time assessment (*see*, 9 NYCRR 8005.20 [c] [3]), the expiration of that time period would only entitle petitioner to reappear before the Board of Parole and not to immediate release (*see generally, People ex rel. Sansalone v Schriver*, 252 AD2d 605; *see also, People ex rel. Lee v La Paglia*, 251 AD2d 834, *lv denied* 92 NY2d 809; *People ex rel. McKnight v Meloni*, 181 Misc 2d 422). Accordingly, Supreme Court properly concluded that habeas corpus relief was unavailable under the circumstances presented here.

Moreover, Supreme Court did not err in determining that, in the event that this proceeding was converted into one pursuant to CPLR article 78 challenging the determination that petitioner was a "Category 1" parole violator, the petition should nonetheless be dismissed (*see, e.g., People ex rel. Wilson v Hanslmaier*, 232 AD2d 702). Contrary to petitioner's contention, the police report and hearing testimony indicating that petitioner stabbed the victim in the back with a folding knife supports the determination that petitioner used a deadly weapon to inflict physical injury upon another individual, so as to warrant his treatment as a "Category 1" parole violator (*see*, 9 NYCRR 8005.20 [c] [1] [vi]).

Mercure, Crew III, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.