■ In the Matter of JASPER HOLLOWAY, Respondent, v BRION D. TRAVIS, as Chair of the New York State Board of Parole, et al., Appellants. [735 NYS2d 628] —Peters, J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered December 12, 2000 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Board of Parole revoking petitioner's parole.

After his release from prison to parole supervision and the transfer of that supervision to Georgia, petitioner was arrested on charges of burglary and arson in Georgia. He subsequently entered a plea of guilty to the charges, was sentenced to a period of probation and was returned to this State for a final parole revocation hearing on the violation of release report filed as a result of the Georgia charges. At the hearing, petitioner was determined to be a category 1 violator as a result of the arson charge premised upon the use of fire or an explosive to knowingly damage a building or other structure. After petitioner entered a plea of guilty to the violation charges, the Hearing Officer recommended a time assessment of 15 months. Respondent Board of Parole, however, concluded that petitioner should be held for 36 months.

On his administrative appeal, petitioner argued, *inter alia,*

that he was improperly determined to be a category 1 violator,[1] based upon the arson charge because his "current violative [*sic*] behavior * * * [did not] involve[ ] the use or threatened use of a deadly weapon or dangerous instrument, [or] the infliction or attempted infliction of physical injury upon another" (9 NYCRR 8005.20 [c] [1] [vi]). The Appeals Unit disagreed, concluding that fire or an explosive is a dangerous instrument within the meaning of the Penal Law. The Board affirmed, prompting petitioner to commence this CPLR article 78 proceeding. Supreme Court concluded that because the particular Georgia crime upon which the violation is based did not involve a threat of serious injury or death, petitioner's parole violation did not involve the use of a dangerous instrument. Respondents appeal from the judgment which annulled the Board's determination and remitted the matter for the imposition of a new time assessment.

Dangerous instrument is defined in Penal Law § 10.00 (13) as "any instrument, article or substance * * * which, under the circumstances in which it is used, * * * is readily capable of causing death or other serious physical injury." Fire,[2] in its common meaning as "a burning mass of material" (Random House Webster's Unabridged Dictionary 721 [2d ed 1999]), can be viewed as a "substance" readily capable of causing death or other serious physical injury when used to damage a building, regardless of whether petitioner intended that result or whether the building or structure was occupied. At the very least, it created a serious risk of harm to those called upon to extinguish the fire (*see, People v Oreckinto*, 178 AD2d 562, 563, *lv denied* 79 NY2d 1005).

Accordingly, we are of the view that Supreme Court erred in concluding that the arson charge did not involve the use of a dangerous instrument. Petitioner was, therefore, rationally determined to be a category 1 violator which made him subject to a 15-month minimum time assessment (*see,* 9 NYCRR 8005.20 [c] [1]). In view of petitioner's multiple prior parole violations, we can see no abuse of discretion in the Board's modification of the recommended time assessment to 36 months (*see, People ex rel. Tyler v Travis*, 269 AD2d 636, 637).

Cardona, P. J., Mercure, Crew III and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.

---

1. According to petitioner, he was subject to the 12-month maximum time assessment for category 2 or category 3 violators who are persistent violators (*see,* 9 NYCRR 8005.20 [c] [6]).

2. Although an explosive is clearly a dangerous instrument, the record does not demonstrate that petitioner used an explosive.