■ In the Matter of KEITH POLADIAN, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [772 NYS2d 619]—

Rose, J. Appeal from a judgment of the Supreme Court (Lamont, J.), entered May 20, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner rerelease on parole and holding him for an additional 24 months.

Petitioner was charged with violating the conditions of his parole and, on February 25, 2002, a final parole revocation hearing was conducted. The Administrative Law Judge classified petitioner as a category three violator and imposed a time assessment of time served plus three months. Because petitioner had two criminal actions pending against him and was incarcerated at a local jail facility when the time assessment was nearing its expiration, on April 12, 2002 the Board of Parole deferred consideration of whether petitioner should be rereleased on parole until after he was transferred back into state custody. On August 12, 2002, he reappeared before the Board. At that time, the Board denied him rerelease on parole and ordered him held for an additional 24 months. Petitioner commenced this CPLR article 78 proceeding challenging that determination. Supreme Court dismissed the petition, resulting in this appeal.

Petitioner contends that, as a category three parole violator, he was entitled to be rereleased upon the expiration of his time assessment period and the Board acted without authority in

deferring consideration of whether he should be rereleased, and ultimately denying him rerelease, until after his time assessment period expired. We disagree. This Court has held that the expiration of a category three parole violator's time assessment period only entitles such individual to reappear before the Board, not to immediate release (*see People ex rel. Leggett v Leonardo*, 274 AD2d 699, 700 [2000]; *see also* 9 NYCRR 8002.6 [a]). Petitioner was clearly informed of this in the decision rendered after the final parole revocation hearing wherein he was advised that, upon the May 25, 2002 time assessment expiration date, "he [would be] eligible for re-release consideration by the Parole Board."

Under the circumstances presented, the Board acted within its authority in deferring such decision until after petitioner was returned to state custody. Pursuant to 9 NYCRR 8002.6 (d) (1) (iii) (b) (1) and (2), if a parole violator is in local custody during the two-month period immediately preceding the expiration of the time assessment period, the Board may defer consideration of rerelease until after he or she is returned to a state correctional facility and an interview has been conducted. Among the grounds for deferral are if criminal charges are pending against the parole violator at the time of the final parole revocation hearing, the disposition of which is not known to the Board, or such charges are pending at the time of consideration for rerelease (*see* 9 NYCRR 8002.6 [d] [1] [iv] [c]), or if the parole violator was sentenced to a definite term of imprisonment after the final parole revocation hearing (*see* 9 NYCRR 8002.6 [d] [1] [iv] [e]). In the case at hand, two criminal charges were pending against petitioner within the two-month period preceding the expiration of the time assessment period, one for criminal contempt in the first degree and another for aggravated harassment in the second degree. Moreover, after the final parole revocation hearing, petitioner was convicted of aggravated harassment in the second degree and sentenced to one year in jail. Thus, notwithstanding petitioner's claims, the Board had valid grounds for deferring consideration of petitioner's rerelease until August 2002 when petitioner had been returned to state custody. We have considered petitioner's remaining arguments and find them to be without merit.

Mercure, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.