■ In the Matter of Octavius Fryar, Respondent, v Brion D. Travis, as Chair of the State Board of Parole, Appellant. [782 NYS2d 876]——

Crew III, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered October 2, 2003 in Franklin County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Board of Parole revoking petitioner's parole.

After being released from prison, petitioner was charged with various parole violations including, insofar as is relevant to the instant appeal, threatening the safety and well-being of a police officer during the execution of the warrant for his arrest. Following a final parole revocation hearing, at which petitioner and the arresting officers appeared and testified, the Administrative Law Judge revoked petitioner's parole, classified petitioner as a category one parole violator as defined by 9 NYCRR 8005.20 (c) (1) (vi) and recommended a 36-month time assessment. Upon administrative appeal, the Board of Parole affirmed that decision finding, among other things, that the record as a whole supported the category one classification.

Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking to annul the Board's determination. Supreme Court partially granted petitioner's application, agreeing that there was no evidence to support petitioner's classification as a category one parole violator and remitting the matter for the imposition of a new delinquent time assessment. This appeal by respondent ensued.

" 'Judicial review of Board action with respect to a finding of parole violation is admittedly narrow and limited. Even more limited is judicial review of the Board's judgment as to what it

should do about the violation. Once the violation is established or admitted, the exercise of discretion in determining whether or not parole should be revoked, represents a very high form of expert regulatory and administrative judgment and the expert appraisal of the Parole Board in this area can be regarded as almost unreviewable' " (*People ex rel. Baker v Follette*, 33 AD2d 1052, 1053 [1970], quoting *Hyser v Reed*, 318 F2d 225, 240 [1963], *cert denied* 375 US 957 [1963]). With that standard in mind, we are satisfied that the testimony of the arresting officers regarding the circumstances surrounding petitioner's arrest, which necessitated the use of a police dog, and petitioner's efforts to resist such arrest are sufficient to support the Board's classification of petitioner as a category one parole violator. Supreme Court's judgment is, therefore, modified accordingly.

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as partially granted petitioner's application; application denied in its entirety and matter remitted to the Board of Parole for the imposition of a new delinquent time assessment; and, as so modified, affirmed.