█ In the Matter of JAMES WILLIAMS, Appellant, v BRION D. TRAVIS, as Chair of the New York State Board of Parole, Respondent. [798 NYS2d 535]—

Rose, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered September 10, 2004 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

In May 2002, petitioner was charged with violating six conditions of his parole, including stabbing another with a knife. Following a revocation hearing, at which petitioner admitted to the stabbing charge, the Board of Parole revoked his parole and, based upon the recommendation of the Administrative Law Judge, imposed a 48-month time assessment. This recommendation was based upon petitioner's prior criminal history as well as the stabbing incident, and cited charges of assault and menacing in 1997 for which no disposition was listed. After exhausting his administrative remedies, petitioner commenced this CPLR article 78 proceeding claiming that the Board's decision was arbitrary and capricious because the Board erroneously considered the 1997 charges which had been dismissed in 1998 in connection with his plea of guilty to another charge. Supreme Court granted respondent's motion to dismiss the proceeding on the ground that it was barred by res judicata and collateral estoppel as the result of an earlier, unsuccessful proceeding for a writ of habeas corpus. This appeal by petitioner ensued.

Initially, we note that respondent correctly concedes that this

---

CPLR article 78 proceeding seeks relief that could not have been sought in the habeas corpus proceeding and, therefore, is not barred by collateral estoppel and res judicata (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 348-349 [1999]). Rather than send the matter back to Supreme Court, however, we find the record sufficient for us to determine its merits, and we will do so in the interest of judicial economy (*see Verstandig's Florist v Board of Appeals of Town of Bethlehem*, 229 AD2d 851, 851 [1996]; *Matter of Dubb Enters. v New York State Liq. Auth.*, 187 AD2d 831, 832 [1992]).

Petitioner contends that the Board's decision to impose a 48-month time assessment was arbitrary and capricious because it was based—in part—upon an inaccurate statement of his criminal history. Although judicial review of the Board's disposition is extremely limited once a parole violation is established (*see Matter of Fryar v Travis*, 11 AD3d 761, 761-762 [2004]), here the Board expressly stated that it relied upon petitioner's cited history, part of which was inaccurate and, therefore, not a relevant factor in imposing the time assessment. Inasmuch as the criminal history explicitly relied upon by the Board as one of the factors justifying the 48-month time assessment included charges that were dismissed, the matter must be remitted to the Board for reconsideration of the appropriate time assessment without regard for the two dismissed charges (*see Kravetz v New York State Div. of Parole*, 293 AD2d 843 [2002], *lv denied* 98 NY2d 610 [2002]).

Crew III, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Board of Parole for further proceedings not inconsistent with this Court's decision.