■ In the Matter of David Suggs, Petitioner, v George Alexander, as Chair of the Division of Parole, Respondent. [875 NYS2d 612]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole which revoked petitioner's parole.

Petitioner was released to parole supervision in October 2006 and, approximately three weeks later, fled from authorities during a high-speed chase and was arrested and charged with aggravated unlicensed operation of a motor vehicle and various traffic infractions. Additionally, petitioner was declared delinquent and charged with multiple violations of his parole. Following a final parole revocation hearing, petitioner was found guilty of violating his curfew and behaving in a manner that threatened the safety or well-being of others. Based upon the reckless driving incident, the Administrative Law Judge determined that petitioner was a category one parole violator and recommended a 40-month hold. That decision was subse-

quently affirmed by the Board of Parole, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to challenge the Board's determination.

Petitioner, as so limited by his brief, contends that the record as a whole is insufficient to support the finding that he is a category one parole violator. We cannot agree. The State Trooper who pursued petitioner testified that he initially clocked petitioner as traveling at 73 miles per hour. During the course of the ensuing pursuit, which ultimately terminated in a residential area in the City of Albany where pedestrians were present, petitioner's speed increased to 90 miles per hour and he passed another vehicle stopped at a red light on the right in order to execute a left-hand turn. A motor vehicle plainly qualifies as a "dangerous instrument" within the meaning of 9 NYCRR 8005.20 (c) (1) (vi) (*see* Penal Law § 10.00 [13]) and, in light of the Trooper's testimony as to petitioner's reckless behavior, we have no quarrel with the Board's classification of petitioner as a category one parole violator (*see e.g. Matter of Fryar v Travis*, 11 AD3d 761, 762 [2004]; *Matter of Holloway v Travis*, 289 AD2d 821, 822 [2001]; *People ex rel. Leggett v Leonardo*, 274 AD2d 699, 700 [2000]). To the extent not specifically addressed herein, petitioner's remaining contentions have been reviewed and found to be without merit.

Peters, J.P., Rose, Kane, Malone Jr. and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.