Matter of Bond v Stanford (2019 NY Slip Op 02762)





Matter of Bond v Stanford


2019 NY Slip Op 02762


Decided on April 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 11, 2019

526870

[*1]In the Matter of ROBERT BOND, Appellant,
v
TINA M. STANFORD, as Chair of the Board of Parole, Respondent.

Calendar Date: March 15, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Rumsey, JJ.


Robert Bond, Gowanda, appellant pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Weinstein, J.), entered February 13, 2018 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole revoking petitioner's parole.
In 1983, while on parole, petitioner was convicted of robbery in the first degree and was sentenced to 20 years to life in prison. In 2012, he was released to parole supervision, but subsequently violated the conditions of his release on multiple occasions, resulting in the revocation of his parole. He was, however, re-released to parole supervision in June 2015. In August 2016, petitioner was again charged with violating numerous conditions of his release. During the final parole revocation hearing, at which he was represented by counsel, petitioner pleaded guilty to two violations arising from his possession and consumption of alcohol on two occasions in satisfaction of all of the violations with which he was charged. In accordance with the negotiated plea agreement, his parole was revoked and a 36-month time assessment was imposed. The determination was later affirmed by the Board of Parole on administrative appeal. Petitioner commenced this CPLR article 78 proceeding challenging the determination and, following joinder of issue, Supreme Court dismissed the petition. Petitioner appeals.
Petitioner contends, among other things, that he was denied the effective assistance of counsel. Specifically, he asserts that his counsel failed to properly investigate his case or interview witnesses, most importantly his nephew who owned the cell phone that he was charged with possessing. Initially, "[i]t is now well settled that a parolee has the right to be represented by counsel at a final parole revocation hearing" (Matter of McDonald v Russi, 213 AD2d 650, 650 [1995]). A parolee "receives the effective assistance of counsel when 'the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation'" (People v Newman, 169 AD3d 1157, 1164 [2019], quoting People v Baldi, 54 NY2d 137, 147 [1981]). Here, there is nothing in the record to substantiate petitioner's claim that his counsel did not investigate his case. Moreover, counsel's alleged failure to interview petitioner's nephew is not significant given that petitioner did not plead guilty to the violations involving the cell phone. Under the [*2]circumstances presented, we find on this record that petitioner was provided meaningful representation (see Matter of Partee v Stanford, 159 AD3d 1294, 1295 [2018]; Matter of James v Chairman of the N.Y. State Bd. of Parole, 106 AD3d 1300, 1300-1301 [2013]). Although petitioner further asserts that erroneous information contained in his parole history and criminal record was considered in revoking his parole, this claim has not been preserved for our review, as he failed to raise it either at the hearing or in his administrative appeal (see Matter of Williams v New York State Bd. of Parole, 277 AD2d 617, 617 [2000]; see also Matter of McCants v Travis, 291 AD2d 594, 596 [2002]). His remaining contentions have been considered and are either unpreserved or lacking in merit.
Garry, P.J., Lynch, Clark, Devine and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.