Matter of Holmes v Stanford (2020 NY Slip Op 07447)





Matter of Holmes v Stanford


2020 NY Slip Op 07447


Decided on December 10, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

531520

[*1]In the Matter of Leeshawn Holmes, Petitioner,
v
Tina Stanford, as Chair of the Board of Parole, Respondent.

Calendar Date: November 13, 2020

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


Leeshawn Holmes, Malone, petitioner pro se.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of the Board of Parole finding that petitioner had violated the conditions of his postrelease supervision and ordering that he be held to his maximum expiration date.
In 2013, petitioner was convicted of criminal sale of a controlled substance in the third degree and was sentenced to a prison term of five years, followed by 1½ years of postrelease supervision (hereinafter PRS). In 2018, while released on PRS, petitioner was charged with violating the conditions of his release by, among other things, absconding and behaving in a manner that threatened the safety or well-being of another after a parole officer was injured while trying to arrest petitioner and place him in handcuffs. Following a final revocation hearing, petitioner's release was revoked, he was found to be a category 1 parole violator and ordered held until the maximum expiration date of his sentence. That determination was affirmed upon administrative appeal. Petitioner then commenced this CPLR article 78 proceeding.
Petitioner contends that he was improperly designated a category 1 parole violator because substantial evidence does not support the violation upon which it was based, i.e., that he engaged in behavior that threatened the safety or well-being of another when a parole officer sustained injuries while arresting petitioner. We disagree. "[A] PRS revocation decision will be upheld so long as the procedural requirements were followed and there is evidence which, if credited, would support such determination" (Matter of Ford v N.Y.S. Dept. of Corr. & Community Supervision, 176 AD3d 1291, 1292 [2019] [internal quotation marks, brackets and citation omitted]; see
Munson v Stanford, 181 AD3d 1111, 1111 [2020]; Matter of Gainey v Stanford, 157 AD3d 1176, 1177 [2018]). Lewis Hrycko, a parole officer, testified that, while restraining petitioner in handcuffs, petitioner attempted to pull away, causing the two to fall to the floor and Hrycko's thumb being pinched in the handcuffs. Hrycko testified that, as a result, he sustained nerve damage to his thumb, as well as a lower back strain. Contrary to petitioner's contentions, it was within the province of the Board to credit Hrycko's testimony (see Matter of Ford v N.Y.S. Dept. of Corr. & Community Supervision, 176 AD3d at 1292; Matter of Davis v Laclair, 165 AD3d 1367, 1368 [2018]), even though no medical documentation was submitted. Hrycko's testimony provides substantial evidence to support the finding that petitioner violated the terms of his PRS by engaging in behavior that threatened the safety and well-being of Hrycko (see Matter of Ford v N.Y.S. Dept. of Corr. & Community Supervision, 176 AD3d at 1292; Matter of Gainey v Stanford, 157 AD3d at 1177). Further, petitioner's conduct, which resulted in physical injury to Hrycko, is sufficient to classify petitioner as [*2]a category 1 violator (see 9 NYCRR 8005.20 [c] [1] [vi]; see e.g. Matter of Fryar v Travis, 11 AD3d 761, 762 [2004]). Finally, we are unpersuaded that, under these circumstances, the Board's determination of holding petitioner to the maximum expiration date of his sentence was harsh or excessive or an abuse of discretion (see 9 NYCRR 8005.20 [c] [1]; Matter of Rodriguez v New York State Dept. of Corr. & Community Supervision, 141 AD3d 903, 905 [2016]; Matter of Holloway v Travis, 289 AD2d 821, 822 [2001]). Petitioner's remaining contentions have been reviewed and found to be without merit.
Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.