People ex rel. Marrero v Stanford (2023 NY Slip Op 03964)

People ex rel. Marrero v Stanford

2023 NY Slip Op 03964

Decided on July 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 27, 2023

CV-22-2198
[*1]The People of the State of New York ex rel. Izmehel Marrero, Respondent- Appellant,
v
Tina M. Stanford, as Chair of the Board of Parole, et al., Appellants-Respondents.

Calendar Date:March 28, 2023

Before:Garry, P.J., Clark, Aarons and Reynolds Fitzgerald, JJ.

Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for appellants-respondents.
Izmehel Marrero, Malone, respondent-appellant pro se.

Reynolds Fitzgerald, J.
(1) Cross-appeals from an order of the Supreme Court (John T. Ellis, J.), entered November 22, 2022 in Franklin County, which, among other things, granted petitioner's application, in a proceeding pursuant to CPLR article 70, and directed the Department of Corrections and Community Supervision to release petitioner to parole supervision, and (2) motions to strike the Administrative Law Judge's April 2023 determination from the record on appeal, for leave to appeal this Court's April 6, 2023 memorandum and order to the Court of Appeals and to vacate this Court's stay of Supreme Court's order pending determination of the cross-appeals.
The underlying facts are more fully set forth in our prior decision in this matter (215 AD3d 1046, 1047-1048 [3d Dept 2023]). Briefly, petitioner was released to postrelease supervision on August 4, 2020. On August 11, 2020, petitioner was charged with violating various conditions of release, including that he not abscond from supervision, and a parole warrant was issued. In March 2021, the Department of Corrections and Community Supervision (hereinafter DOCCS) was advised that petitioner had been arrested and charged with assault. DOCCS then issued a supplemental parole violation notice that included various new violation charges, including that petitioner had committed an assault while on release. In April 2021, a final parole revocation hearing was held during which petitioner pleaded guilty to the charge of absconding from supervision in satisfaction of all the violations with which he was charged. Pursuant to the terms of the agreement, the Administrative Law Judge (hereinafter ALJ) ordered that petitioner be held for 30 months.
In August 2022, petitioner filed this application for a writ of habeas corpus seeking his immediate release, contending that he could not be reincarcerated for his parole violation under the Less is More Community Supervision and Revocation Act (see Executive Law § 259-i [3] [f], as amended by L 2021, ch 427, §§ 1, 6 [hereinafter the Less is More Act]) or, alternatively, that the time assessment should be recalculated and reduced to a seven-day assessment (see Executive Law § 259-i [3] [f] [xii] [1]). Supreme Court concluded that petitioner's violation constituted a technical violation under the Less is More Act (see Executive Law §§ 259 [6], [7] [a]; 259-i [3] [f] [xi], [xii]) and ordered that DOCCS recalculate the time assessment from 30 months to 15 days and to release petitioner to parole supervision. Respondents appealed and petitioner cross-appealed.[FN1]
When the cross-appeals were previously before us, we withheld decision and remitted the matter to DOCCS for a determination as to whether petitioner was a non-technical parole violator pursuant to Executive Law § 259 (7) (b) (215 AD3d at 1049). On April 20, 2023, the ALJ found that petitioner was a non-technical violator (see Executive Law § 259 [7] [b]). Upon return to this Court following remittal, the parties have submitted additional [*2]briefs and petitioner has also filed motions seeking to strike the ALJ's April 2023 determination, seeking leave to appeal this Court's withholding of decision pending DOCCS' determination to the Court of Appeals and seeking to vacate this Court's stay of Supreme Court's decision pending the cross-appeals.
Pursuant to the Less is More Act, when an individual violates parole, DOCCS must determine whether the individual committed a technical violation of parole or a non-technical violation (see Executive Law §§ 259 [6], [7]; 259-i [3] [f] [xi], [xii]). A technical violation is defined as "any conduct that violates a condition of community supervision in an important respect, other than the commission of a new felony or misdemeanor offense" (Executive Law § 259 [6]). Under the Less is More Act, reincarceration may not generally be imposed for technical violations of parole, with limited exceptions (see Executive Law § 259-i [3] [f] [xi], [xii]). A non-technical violation is defined as "(a) the commission of a new felony or misdemeanor offense; or (b) conduct by a releasee who is serving a sentence for an offense defined in article 130 of the [P]enal [L]aw or section 255.26 or 255.27 of such law, and such conduct violated a specific condition reasonably related to such offense and efforts to protect the public from the commission of a repeat of such offense" (Executive Law § 259 [7]). For non-technical violations, DOCCS may "direct the violator's reincarceration up to the balance of the remaining period of post[ ]release supervision, not to exceed five years; provided, however, that a defendant serving a term of post[ ]release supervision for a conviction of a felony sex offense defined in [Penal Law § 70.80] may be subject to a further period of imprisonment up to the balance of the remaining period of post[ ]release supervision" (Executive Law § 259-i [3] [f] [xii]).
We reject petitioner's contention that he can only be found to be a non-technical violator if he violated a special condition of his parole.[FN2] Inasmuch as petitioner is serving a sentence for the offense of attempted sexual abuse in the first degree (see Penal Law §§ 110.05, 130.65), he can be found to be a non-technical violator under the Less is More Act for conduct that violates a "specific condition reasonably related to such offense and efforts to protect the public from the commission of a repeat of such offense" (Executive Law § 259 [7] [b] [emphasis added]). Although the Legislature expressly references "special" conditions when discussing certain sanctions for technical parole violations (Executive Law § 259-i [3] [f] [xii] [2] [h]), it does not use that term when defining a non-technical violator and it instead refers to "specific" conditions (Executive Law § 259 [7] [b]). "When different terms are used in various parts of a statute or rule, it is reasonable to assume that a distinction between them is intended" (Matter of Orens v Novello, 99 NY2d 180, 187 [2002] [internal [*3]quotation marks and citations omitted]; accord Batavia Townhouses, Ltd. v Council of Churches Hous. Dev. Fund Co., Inc., 38 NY3d 467, 474 [2022]; Matter of Logan v NY City Health & Hosp. Corp., 139 AD3d 1200, 1203 [3d Dept 2016]). Moreover, "new language cannot be imported into a statute to give it a meaning not otherwise found therein" and "a court cannot amend a statute by inserting words that are not there, nor will a court read into a statute a provision which the Legislature did not see fit to enact" (Matter of Chemical Specialties Mfrs. Assn. v Jorling, 85 NY2d 382, 394 [1995] [internal quotation marks and citations omitted]; see Matter of Soriano v Elia, 155 AD3d 1496, 1500 [3d Dept 2017], lv denied 31 NY3d 913 [2018]). Had the Legislature intended that only conduct by a felony sex offender that violates a special condition of parole would be considered a non-technical parole violation it would have said so (see Matter of Marian T. [Lauren R.], 36 NY3d 44, 51-52 [2020]).
Petitioner also argues that, by absconding, he did not violate a condition of parole that is reasonably related to his felony sex offense and efforts to protect the public from the commission of a repeat of that offense. We disagree. Generally, the Legislature has acknowledged "the danger of recidivism posed by sex offenders . . . and that the protection of the public from these offenders is of paramount concern or interest to [the] government" (Sex Offender Registration Act, L 1995, ch 192, § 1). The Legislature has further found "that law enforcement agencies' efforts to protect their communities, conduct investigations and quickly apprehend sex offenders are impaired by the lack of information about sex offenders who live within their jurisdiction and that the lack of information shared with the public may result in the failure of the criminal justice system to identify, investigate, apprehend and prosecute sex offenders" (Sex Offender Registration Act, L 1995, ch 192, § 1). Consistent with these concerns, sex offenders are required to register a change of address with the Division of Criminal Justice Services within 10 days of the change (see Correction Law § 168-f [4]).[FN3] In our view, petitioner's condition of parole prohibiting him from absconding — that he admitted to violating, prescribing petitioner from "intentionally avoiding supervision by failing to maintain contact with my [p]arole [o]fficer and failing to reside at my approved residence" — is in line with the Legislature's concerns regarding sex offenders released on parole and is also reasonably related to petitioner's sex offense and efforts to protect the public from the commission of a repeat of that offense so as to warrant classifying him as a non-technical offender under Executive Law § 259 (7) (b). Petitioner's remaining contentions on appeal have been considered and found to be without merit.
In light of our finding, Supreme Court's order must be reversed. Further, upon review of the papers filed [*4]in support of petitioner's motions, the papers filed in opposition and petitioner's reply, the motions are denied.
Garry, P.J., Clark and Aarons, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and petition dismissed.
ORDERED that the motions are denied, without costs.

Footnotes

Footnote 1: This Court granted respondents' motion for a stay pending appeal.

Footnote 2: Petitioner was released to postrelease supervision subject to both standard conditions of parole, including that he "will not abscond, which means intentionally avoiding supervision by failing to maintain contact with [his] [p]arole [o]fficer and failing to reside at [his] approved residence," as well as several special conditions (see 9 NYCRR 8003.2, 8003.3).

Footnote 3: The New York State Sex Offender Registry indicates that petitioner is classified as a risk level two sex offender with a sexually violent offender designation.