People ex rel. Bradley v Martuscello (2025 NY Slip Op 25168)

[*1]

People ex rel. Bradley v Martuscello

2025 NY Slip Op 25168

Decided on July 25, 2025

Supreme Court, Wyoming County

Kibler, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on July 25, 2025
Supreme Court, Wyoming County

The People of the State of New York ex rel. Brandon Bradley, Petitioner

against
Daniel F. Martuscello, III, Commissioner, New York State Department of Corrections and Community Supervision, 
 and DAVID LINDER, Wyoming County Sheriff, Respondents

Index No. 22309-25

Joseph Agro, Assistant Wyoming County Public Defender, on behalf of Mr. Bradley
Nicholas DiVirgilio of the New York State Attorney General's Office on behalf of Daniel F. Martuscello, III, the Commissioner of the New York State Department of Corrections and Community Supervision

Keith D. Kibler, J.

Brandon Bradley submitted a verified petition on July 22, 2025, challenging his detention at the Wyoming County Jail pursuant to a parole violation warrant. The Court issued a writ of habeas corpus on July 22, 2025, ordering that Mr. Bradley be produced before the Court on July 25, 2025. The Court heard argument on the matter on July 25, 2025 by Joseph Agro, an Assistant Wyoming County Public Defender, on behalf of Mr. Bradley, and Nicholas DiVirgilio of the New York State Attorney General's Office on behalf of Daniel F. Martuscello, III, the Commissioner of the New York State Department of Corrections and Community Supervision. There was no appearance made by David Linder, the Wyoming County Sheriff.
The facts in this matter are not in dispute. The petitioner was arrested pursuant to parole violation warrant 859651 on July 16, 2025. The warrant was issued upon nine charges that the petitioner violated certain parole conditions. All the charges are technical violations. At the conclusion of a recognizance hearing conducted on or about July 16, 2025, the petitioner was held pending a final revocation hearing, which is scheduled for August 1, 2025. As of July 25, 2025, the petitioner has been held in custody for ten days.
The Less Is More Act, which went into full effect on March 1, 2022, drastically reformed the parole violation system in New York State. The law limited sanctions for technical [*2]violations. Section 259(6) of the Executive Law defines a "technical violation" as "any conduct that violates a condition of community supervision in an important respect, other than the commission of a new felony or misdemeanor offense under the penal law." On the other hand, a "non-technical violation" is either "(a) the commission of a new felony or misdemeanor offense; or (b) conduct by a releasee who is serving a sentence for an offense defined in article 130 of the penal law or section 255.26 or 255.27 of such law, and such conduct violated a specific condition reasonably related to such offense and efforts to protect the public from the commission of a repeat of such offense." Exec. Law § 259(7).
"Under the Less is More Act, reincarceration may not generally be imposed for technical violations of parole, with limited exceptions." People ex rel. Marrero v. Stanford, 218 AD3d 1105 (3d Dept. 2023). The exceptions for which reincarceration is permitted for technical violations include "absconding," "failing to obey other special conditions . . . if the failure cannot be addressed in the community and all reasonable community-based means to address the failure have been exhausted," and multiple sustained technical violations. Exec. Law § 259-i(3)(f)(xii)(1)-(3); 9 NYCCRR § 8005.20(e).
There are three periods of reincarceration that may be assessed for technical violations depending on how many violations are sustained, ranging from seven to thirty days. Id. "For absconding up to seven days reincarceration may be imposed for the first violation, up to fifteen days reincarceration may be imposed for the second violation, and up to thirty days reincarceration may be imposed for the third or any subsequent violation." Exec. Law § 259-i(3)(f)(xii)(1). "For all other technical violations, no period of reincarceration may be imposed for the first and second substantiated technical violations for which incarceration may be imposed; up to seven days reincarceration may be imposed for the third substantiated technical violation for which incarceration may be imposed; up to fifteen days reincarceration may be imposed for the fourth substantiated technical violation for which incarceration may be imposed; up to thirty days reincarceration may be imposed for the fifth and subsequent substantiated technical violations for which incarceration may be imposed." Id. at 259-i(3)(f)(xii)(3). Reincarceration may not be imposed for certain sustained technical violations, including violating curfew. Exec. Law § 259-i(3)(f)(xii)(2).
The petitioner concludes that the maximum period of reincarceration he is subject to is seven days. His basis for this conclusion is that this is the first time he has been subject to the parole revocation process, and he has only been charged with technical violations, including absconding. The Court does not share the petitioner's conclusion. DOCCS alleges that the petitioner has violated his conditions of parole with nine charges and the appropriate analysis is to look at each separate charge. The Court agrees that each separate charge must be analyzed to determine whether the petitioner is subject to reincarceration.
Charges 1 and 8 are alleged violations of curfew. Pursuant to Exec. Law § 259-i(3)(f)(xii)(2)(a), reincarceration may not be imposed for violating curfew. The petitioner is subject to incarceration for sustained violations of charges 2-7 and 9. Charge 2 alleges that the petitioner failed to comply with release condition 4, the failure to discuss any proposed changes in residence with his parole officer. Charges 3-6 allege that the petitioner failed to comply with special conditions of parole by failing to engage in a sex offender program, a domestic violence treatment program, a mental health program, and a substance abuse treatment program. Charge 7 alleges that the petitioner failed to comply with release condition 1, the failure to report to the parole office as directed. Charge 9 alleges that the petitioner absconded. See generally 9 [*3]NYCCRR § 8003.2 (parole release conditions) and 8003.3 (special release conditions).
It is important to note that, generally, violations of special conditions are not subject to reincarceration. Exec. Law § 259-i(3)(f)(xii)(2)(h). However, "incarceration is permissible" for the violation of special conditions "if the failure cannot be addressed in the community and all reasonable community-based means to address the failure have been exhausted." Id. The determination whether the alleged violations of charges 3-6 fall within this exception is not an issue this Court can adjudicate. That issue is subject to a hearing before the Administrative Law Judge. See Id. at 259-i(3)(f)(viii).
Although the Court agrees with the petitioner that he is subject to seven days of incarceration for a single violation of absconding, this is not the theoretically minimum amount of time the petitioner is exposed to. In particular, if charges 2-7 are sustained, and the ALJ finds that the exception noted above applies, the petitioner will have six technical violations. Pursuant to Exec. Law § 259-i(3)(f)(xii)(3), the petitioner is subject to "up to thirty days reincarceration" for five or more "substantiated technical violations for which incarceration may be imposed." The Court does not share the petitioner's view that each set of parole violations lodged against him constitutes a "violation" for the purposes of determining his reincarceration exposure. Under the petitioner's view, it does not matter if a single charge is alleged or hundreds of charges are alleged within a violation set.
Exec. Law § 259-i indicates that multiple alleged violations of the conditions of parole may be made and adjudicated through a single final revocation hearing. See also 9 NYCCRR § 8005.20(e)(2)(ii) (noting that the ALJ may impose reincarceration "only where there are at least three qualifying "for which incarceration may be imposed" violations sustained within the current case, or at least one such charge sustained in the current case which may be combined with such qualifying sustained prior violations on the instant term(s) as to reach the threshold of three sustained such violations"). Pursuant to this reading of the law, each charge may constitute a separate substantiated technical violation for which incarceration may be imposed. The Court holds that this is the correct interpretation. Consequently, the Court finds that the petitioner is subject to thirty days of reincarceration but has been in custody for only ten days. Because the petitioner is subject to additional days of reincarnation, the petition is denied.
NOW, THEREFORE, it is hereby
ORDERED that the petition is denied and dismissed.
Dated: July 25, 2025
Hon. Keith D. Kibler, ASCJ