Matter of Clark v New York State Bd. of Parole (2025 NY Slip Op 07061)

Matter of Clark v New York State Bd. of Parole

2025 NY Slip Op 07061

Decided on December 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 18, 2025

CV-24-1793
[*1]In the Matter of Shaun H. Clark, Petitioner,
vNew York State Board of Parole, Respondent.

Calendar Date:November 13, 2025

Before:Clark, J.P., Reynolds Fitzgerald, Lynch, Ceresia and Powers, JJ.

Shaun H. Clark, Coxsackie, petitioner pro se.
Letitia James, Attorney General, Albany (Rachel Raimondi of counsel), for respondent.

Ceresia, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent revoking petitioner's parole.
In 2021, petitioner was convicted of the crimes of assault in the second degree, attempted criminal mischief in the second degree, reckless endangerment and resisting arrest, and was sentenced for the assault conviction to three years in prison, to be followed by five years of postrelease supervision, with lesser concurrent sentences on the remaining convictions. In December 2022, petitioner was conditionally released to postrelease supervision, with the home where his mother and sister reside (hereinafter the family home) as his approved residence. In March 2023, an order of protection was issued against petitioner, ordering him to stay away from his sister, her home and her place of employment, effective until September 17, 2023. The order was served on petitioner at the family home on April 1, 2023 and petitioner moved to his new approved residence, a local hotel.
On April 9, 2023, police responded to a call from petitioner's mother, who reported that petitioner was experiencing a drug overdose at the family home. The responding police officer reported that petitioner stated that he had not taken any drugs and that he refused medical attention. The officer left the family home but was informed a short time later of the existence of the order of protection prohibiting petitioner from being there. The officer returned to the family home and arrested petitioner on the charges of criminal contempt in the second degree and aggravated family offense. Petitioner was thereafter charged with violating the conditions of his release by, among other things, not abiding by his curfew and committing criminal contempt in the second degree. Following a final revocation hearing, the Administrative Law Judge (hereinafter ALJ) sustained the charges, revoked petitioner's postrelease supervision and ordered that he be held until the maximum expiration of his sentence. Upon administrative appeal, respondent upheld the ALJ's determination, prompting this CPLR article 78 proceeding.[FN1]
We confirm. Initially, contrary to petitioner's contention, respondent "had jurisdiction to conduct a final revocation proceeding and revoke petitioner's postrelease supervision " (Matter of Abreu v Stanford, 153 AD3d 1455, 1456 [3d Dept 2017], lv denied 31 NY3d 902 [2018]; see Executive Law § 259-i [2] [b]). Turning to the merits, a revocation of postrelease supervision "will be upheld so long as the procedural requirements were followed and there is evidence which, if credited, would support such determination" (Matter of Munson v Stanford, 181 AD3d 1111, 1112 [3d Dept 2020] [internal quotation marks and citations omitted]; see Matter of Holmes v Stanford, 189 AD3d 1811, 1811 [3d Dept 2020]). Pursuant to the Less is More Community Supervision and Revocation Act (see L 2021, ch 427, § 1 [hereinafter [*2]the Less is More Act]), when an individual violates the terms of his or her release, the Department of Corrections and Community Supervision "must determine whether the individual committed a technical violation . . . or a non-technical violation" (People ex rel. Marrero v Stanford, 218 AD3d 1105, 1107 [3d Dept 2023]; see Executive Law §§ 259 [6], [7]; 259-i [3] [f] [xi], [xii]). A technical violation consists of "any conduct that violates a condition of community supervision in an important respect, other than the commission of a new felony or misdemeanor offense" (Executive Law § 259 [6]). Generally, reincarceration may not be imposed for technical violations, with limited exceptions (see Executive Law §259-i [3] [f] [xi], [xii]). A non-technical violation is defined, as relevant here, as "the commission of a new felony or misdemeanor offense" (Executive Law § 259 [7] [a]). "For non-technical violations, [the Department] may 'direct the violator's reincarceration up to the balance of the remaining period of postrelease supervision, not to exceed five years' " (People ex rel. Marrero v Stanford, 218 AD3d at 1107 [brackets omitted],quotingExecutive Law § 259-i [3] [f] [xii] [D]). The alleged violation must be supported by clear and convincing evidence in order to warrant revocation (see Executive Law § 259-i [3] [f] [viii]). Contrary to petitioner's contention that respondent can only consider criminal conduct that has resulted in a conviction at the time it makes its final revocation determination, respondent may, in fact, consider whether conduct that formed the basis for an arrest constitutes a violation unless "a court has adjudicated the matter with an acquittal, adjournment in contemplation of dismissal, or violation" (Executive Law § 259-i [3] [f] [viii]).[FN2]
At the final revocation hearing, a deputy from the Sheriff's office testified that, on April 1, 2023, she served petitioner with a copy of the order of protection requiring him to stay away from his sister, her home and her place of employment. According to the deputy, she served petitioner at the family home and petitioner then packed his belongings and left. Petitioner's parole officer testified that, on April 2, 2023, he discussed with petitioner and his mother the order of protection requiring petitioner to stay away from the family home, and that he specifically told petitioner that he was not allowed to be there. The police officer who responded to the call on April 9, 2023 concerning a possible drug overdose at the family home testified that petitioner was there when he arrived. Although the officer observed that petitioner appeared to be "on something," he found petitioner to be conscious and alert. The officer further testified that petitioner informed the paramedics who responded to the call that he was not on drugs and did not want to go to the hospital, and that he signed a medical refusal form and the paramedics left. According to the officer, when he returned to the family [*3]home after being made aware of the order of protection, petitioner informed him that he thought he could be there when his sister was not home. Although petitioner's mother testified that petitioner was incoherent, foaming at the mouth and was not aware of where he was during the time in question, this testimony presented a credibility issue for respondent to resolve (see Matter of Munson v Stanford, 181 AD3d at 1112; Matter of Gainey v Stanford, 157 AD3d 1176, 1177 [3d Dept 2018]).
Given the testimony and the documentary evidence presented at the hearing, including the terms of the order of protection, we find that there was evidence before respondent supporting its determination that petitioner committed the crime of criminal contempt in the second degree, constituting a non-technical violation under the Less is More Act (see Executive Law §§ 259 [7] [a]; 259-i [3] [f] [xii]). Moreover, in light of petitioner's extensive criminal history, which includes numerous convictions for criminal contempt and prior parole violations in 2006 and 2014, we find that respondent's determination to reincarcerate him for the remaining period of his postrelease supervision is not excessive (see Matter of Davis v New York State Bd. of Parole, 81 AD3d 1020, 1021 [3d Dept 2011]; Matter of Bowes v Dennison, 20 AD3d 845, 846 [3d Dept 2005]). Petitioner's remaining contentions, to the extent not specifically addressed, have been considered and found to be without merit.
Clark, J.P., Reynolds Fitzgerald, Lynch and Powers, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Petitioner does not challenge the finding that he violated a condition of his release by failing to abide by his curfew.

Footnote 2: We note that, in his brief, petitioner informs this Court that, several months after respondent's determination at issue here, he pleaded guilty to the crime of criminal contempt in the second degree as the result of his conduct on April 9, 2023.